SALINE SEWER CO., JAMES R. AND ANNE C. ROWLAND, TAX MATTERS PERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saline Sewer Co. v. Commissioner
Docket No. 9540-91
United States Tax Court
T.C. Memo 1992-236; 1992 Tax Ct. Memo LEXIS 245; 63 T.C.M. (CCH) 2832; April 21, 1992, Filed *245 An appropriate order treating petitioners' first motion for partial summary judgment as moot and granting petitioners' second motion for partial summary judgment will be issued. Saline Sewer treated fees received between 1976 and 1983 as nontaxable contributions to capital pursuant to sec. 118, I.R.C. Respondent recharacterized the fees as taxable customer connection fees, and pursuant to sec. 481, I.R.C., adjusted Saline Sewer's taxable income by including the fees in taxable income. Held: Petitioners' motion for partial summary judgment concerning sec. 481, I.R.C., is granted. Respondent's proposed adjustments are not a change in Saline Sewer's method of accounting, therefore, sec. 481, I.R.C., does not apply. James R. Rowland, pro se. Merle Stolar, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before us on petitioners' two motions for partial summary judgment pursuant to Rule 121. [1] The following statement of the facts is drawn from the respective written submissions of the parties and is made for purposes of this opinion only. No significant facts are in dispute. Saline Sewer Company (Saline Sewer) incorporated as a C corporation in *246 1969. During the relevant years, Saline Sewer operated and maintained sanitary sewer lines and sewage disposal plants in Jefferson County, Missouri. In 1979, Saline Sewer converted into an S corporation. Saline Sewer, in its operations during the years 1976 through 1983, received fees from its customers and treated them as contributions to capital pursuant to section 118. Section 118(a) excludes contributions to capital of a taxpayer from gross income. Prior to January 31, 1976, section 118(b) cross-referenced section 362 for rules determining the basis of property acquired by a corporation with contributions to capital. Section 362(c)(2) addresses the basis of property acquired with moneys received by a corporation as a contribution to capital that is not contributed by a shareholder as such. The basis *247 of such property is reduced by the amount of the contribution to capital. Section 118(b) was amended by the Tax Reform Act of 1976, for contributions made after January 31, 1976. Section 118(b)(1)(A) includes contributions in aid of construction in the term "contributions to the capital of the taxpayer." Additionally, section 118(b)(4) prohibits deductions and investment credits on property acquired with contributions in aid of construction, and provides that the adjusted basis of any property acquired with such funds is treated as zero. [2]
In the notice of final S corporation administrative adjustment for tax years 1984 and 1985, respondent determined that the fees Saline Sewer received from 1976 through 1983 actually constitute customer connection fees, which are included in taxable income. Respondent concluded that Saline Sewer's method of accounting failed to clearly reflect *248 income during the period 1976 through 1983, and applied section 481. According to respondent, Saline Sewer failed to include $ 963,284 in connection fees in gross income and forfeited $ 315,298 in depreciation deductions, resulting in a section 481 increase of ordinary income in tax year 1984 of $ 647,986. The narrow issue before us is whether respondent's recharacterization of the fees from nontaxable contributions to capital to taxable customer connection fees is a change in a "method of accounting", thus permitting respondent to invoke section 481. Petitioners filed two motions for partial summary judgment. In the first, petitioners argue that section 1371(b)(1) prevents any proposed section 481 adjustment for tax years 1976 through 1978, because Saline Sewer was a C corporation during that period. Petitioners' second motion argues that section 481 is not applicable because the question involved in this case is not when any moneys received are to be counted as income, but rather whether such moneys are income or not. Rule 121(b) provides that a motion for summary judgment shall be granted "if the pleadings, answers to interrogatories, depositions, admissions, and *249 any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The Rule further provides that "partial summary adjudication may be made which does not dispose of all the issues in the case." See Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The moving party bears the burden of proving that no genuine issue as to any material fact exists, and that he is entitled to judgment on the substantive issues as a matter of law. Jacklin v. Commissioner, supra. In deciding whether to grant summary judgment, we view the factual material and inferences drawn therefrom in the light most favorable to the opposing party. Naftel v. Commissioner, supra; Jacklin v. Commissioner, supra.
Because we find petitioners' second motion for summary judgment dispositive, we will consider it first. Petitioners argue that section 481 is not applicable in this case. Section 481 provides in pertinent part: (a) General Rule. -- *250 In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change") -- (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted * * *.
The purpose of section 481 is "to prevent income from escaping tax altogether and to prevent double taxation of income where such escape or doubling up resulted solely from a change in method of computing taxable income". Pursell v. Commissioner, 38 T.C. 263, 271 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). When applicable, section 481 can affect closed years and permits the Commissioner to adjust a taxpayer's income for the "year of the change" for income earned in otherwise closed years but unreported in those years under the old method of accounting. See Graff Chevrolet Co. v. Campbell, 343 F.2d 568, 572 (5th Cir. 1965). The *251 applicable regulations provide that a change in method of accounting includes a "change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan." Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. Respondent did not require Saline Sewer to change its overall plan of accounting for gross income or deductions, but merely to change the treatment of reporting its fees from 1976 through 1983. Thus, to come within the meaning of the phrase "change in method of accounting," there must have been a change in the treatment of a "material item". "A material item is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction." Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. Conversely, where the matter of proper timing is not involved, a change in the accounting treatment of an item will not be considered a change in the taxpayer's "method of accounting". Sec. 1.446-1(e)(2)(ii)(b), Income Tax Regs. See Schuster's Express, Inc. v. Commissioner, 66 T.C. 588 (1976), affd. without opinion 562 F.2d 39 (2d Cir. 1977). Thus, *252 when an accounting practice merely postpones the reporting of income, rather than permanently avoiding the reporting of income over the taxpayer's lifetime, it involves the proper time for reporting income. Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 510 (1989); Copy Data, Inc. v. Commissioner, 91 T.C. 26, 30 (1988); Primo Pants Co. v. Commissioner, 78 T.C. 705, 723 (1982); Schuster's Express, Inc. v. Commissioner, supra at 597. Petitioners argue that section 481 does not apply in this case because the issue with respect to the fees is a question of whether or not the fees are taxable, not a timing question as to when the fees should be considered income. In contrast, respondent argues that a recharacterization of the fees from contributions to capital to customer connection fees is a change in accounting method because a timing question for recognizing income or claiming deductions is also involved. Specifically, respondent argues that Saline Sewer, in addition to failing to report the fees in issue as taxable income, also incorrectly reported the fees as a credit or reduction to *253 the depreciable basis of assets, which effectively reduced Saline Sewer's depreciation expense over the life of the underlying assets. Accordingly, respondent argues that Saline Sewer's taxable income was increased dollar-for-dollar by moneys at issue over a period of several years. Because the years in issue span two distinct periods in the history of section 118, the period up to and including January 31, 1976, and the period after January 31, 1976, we will divide our discussion accordingly. With respect to fees received between January 1, 1976 and January 31, 1976, no timing issue is involved. The treatment of the fees as contributions to capital under section 118 results in (1) excluding the fees from gross income and (2) decreasing the basis of property acquired with the fees pursuant to section 362(c)(2). A recharacterization of the fees as taxable thus includes the fees in income and requires a restoration of the basis apparently decreased under section 362(c)(2). The failure to report customer connection fees as income, and instead treat them as contributions to capital pursuant to section 118, is clearly not a timing issue. The effect of the omission is a distortion *254 of Saline Sewer's taxable income that never will be reflected in its lifetime income. Accordingly, we are not faced with the question as to the proper time at which the fees should be reported in income, but rather whether the fees should be reported in income at all. Furthermore, the restoration of the depreciable basis is not a timing issue either. When the depreciable basis of assets is decreased, a corresponding amount of depreciation expense is permanently forfeited. Accordingly, the restoration of the depreciable basis in our case is also not a timing issue, and section 481 is inapplicable to the fees received between January 1, 1976 and January 31, 1976. With respect to the period from February 1, 1976 through 1983, respondent's depreciation argument is a red herring. During this period, the treatment of fees as either taxable customer connection fees or nontaxable contributions in aid of construction has no connection with depreciation. Section 118(b)(4) prohibits depreciation and requires a zero basis for assets built with contributions in aid of construction. Likewise, customer connection fees are taxed as current income, which also has nothing to do with depreciation. *255 Therefore, no timing issue exists with respect to the fees, and section 481 is not applicable as a matter of law. Accordingly, we shall grant petitioners' second motion for partial summary judgment. In light of our granting of petitioners' second motion for partial summary judgment on the section 481 issue, petitioners' first motion for partial summary judgment is moot. An appropriate order treating petitioners' first motion for partial summary judgment as moot and granting petitioners' second motion for partial summary judgment will be issued.
Footnotes
1. All section references are to the Internal Revenue Code as in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Sec. 118(b)(4) remained in effect until December 31, 1986, when Pub. L. 99-514, sec. 824(a), 100 Stat. 2085, 2374, amended sec. 118↩.