DONALD A. NAFTEL, PETITIONER V. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 28089–82.    Filed September 30, 1985.

*Joseph F. Moore* and *Jonathan B. Cole*, for the petitioner.
*Darren M. Larson*, for the respondent.

OPINION

PANUTHOS, *Special Trial Judge*:[1] This case is before the
Court on respondent's motion for partial summary judgment
filed pursuant to Rule 121.[2] By his motion,[3] respondent seeks a
determination that this Court does not have jurisdiction to
consider petitioner's contention that the deficiency deter-
mined against him should be credited to the extent of refund
checks issued by respondent but not received by petitioner. For
each of the years at issue, petitioner claims that any refund
check issued to him was cashed over his forged endorsement
by his former attorney, Charles Berg. Respondent issued a
statutory notice of deficiency on September 3, 1982. The notice
determined deficiencies against petitioner as follows:

---

[1]This case was assigned pursuant to Rule 180 et seq., Tax Court Rules of Practice and Procedure.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent selected three cases as representative of a group of more than 300 cases currently
pending before the Court. Counsel for petitioners in each of the three cases represent a significant
number of other petitioners in the group. The issue for decision is common throughout the group.
The opinions in the other two docketed cases, *Rosenberg v. Commissioner*, docket No. 28854–82 and
*Cornick v. Commissioner*, docket No. 17425–82, are issued concurrently as T.C. Memo. 1985–514
and T.C. Memo. 1985–513, respectively.

| Year | Deficiency |
|------|-----------|
| 1976 | $539 |
| 1977 | 718 |
| 1978 | 4,098 |
| 1979 | 4,155 |
| 1980 | 2,397 |

In his notice of deficiency, respondent determined that petitioner was not entitled to claimed investment credits and losses generated by a limited partnership known as Vandenburg Co.[4] The limited partnership was created to acquire and distribute master recordings.[5]

Petitioner became a limited partner on the advice of his attorney, Charles Berg. At the time he became involved with the partnership, petitioner believed his participation would enable him to generate enough losses and credits in his first year so that he would receive refunds of taxes withheld and paid in previous years. Petitioner's tax returns for the years 1978, 1979, and 1980 were prepared by Berg, or persons connected with his office, and the address shown on the forms was attorney Charles Berg's address. The Application for Tentative Refund (Form 1045) sought to carry back unused investment credits from the year 1979 to the years 1976, 1977, and 1978. The 1979 and 1980 Federal income tax returns claimed losses from Vandenburg Productions. Thus petitioner claimed overpayments for which respondent issued refund checks.

Petitioner never received some or all of the refund checks which he expected as a result of his participation in the limited partnership. Despite repeated attempts, petitioner was unsuccessful in receiving his refunds. Petitioner claims that Berg fraudulently endorsed and negotiated the refund checks and misappropriated the proceeds of the checks.[6]

Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controver-

---

[4]On his tax returns, petitioner refers to the company as Vandenburg Productions while elsewhere he refers to it as Vandenburg Co. We will use both names interchangeably.

[5]Respondent also disallowed other deductions which do not pertain to the issue raised in respondent's motion.

[6]In the summer of 1981, petitioner became aware of a criminal investigation of Charles Berg which was being conducted by the Internal Revenue Service and the U.S. Secret Service. At that time, petitioner ascertained that he was but one of many of Berg's clients who had been part of Berg's scheme to defraud clients of their refund checks.

sy so long as there is no genuine issue of material fact.[7] Rule 121(b) provides that "a decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The Rule further provides that "partial summary adjudication may be made which does not dispose of all issues in the case." *Elkins v. Commissioner*, 81 T.C. 669, 674 (1983). The burden of proving that there is no genuine issue of material fact is on the moving party. *Take v. Commissioner*, 82 T.C. 630, 633 (1984); *Graf v. Commissioner*, 80 T.C. 944, 946 (1983); *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982). Therefore, respondent must prove that the Tax Court lacks jurisdiction to consider the question of petitioner's missing refund checks.

In addition, we must view the factual materials and inferences drawn therefrom in the light most favorable to the party opposing the motion. *Estate of Gardner v. Commissioner*, 82 T.C. 989, 990 (1984); *Elkins v. Commissioner, supra; Jacklin v. Commissioner*, 79 T.C. 340, 344 (1982). As a result, the facts set forth herein are taken from petitioner's pleadings, both admitted and denied, and from the petitioner's and attorney's affidavits in opposition to respondent's motion. The facts are viewed in the terms most favorable to petitioner. *Estate of Gardner v. Commissioner, supra.*

It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442;[8] *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984); *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981). It is equally true that,

---

[7]Petitioner argues that we should treat respondent's motion as a motion to strike under Rule 52 rather than as a motion for summary judgment under Rule 121. Respondent, however, is not arguing that petitioner's allegations are immaterial or frivolous. A motion to strike will be granted only if the moving party establishes that a pleading has no possible bearing on the subject matter being litigated or if he proves that prejudice will result to him unless the motion is granted. See *Estate of Jephson v. Commissioner*, 81 T.C. 999, 1000 (1983); *Samuel Goldwyn, Inc. v. United Artists Corp.*, 35 F. Supp. 633, 637 (S.D.N.Y. 1940); *In Re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168–1169 (5th Cir. 1979). Rule 121(b) states that a party may move for summary adjudication upon all or any part of the legal issues in controversy. The scope of our jurisdiction, which is the matter raised by respondent's motion, is a legal issue to be considered upon a motion for summary judgment and not in the context of a motion to strike.

[8]All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

generally, once a petitioner invokes the jurisdiction of the Court, jurisdiction lies with the Court and remains unimpaired until the Court has decided the controversy. *Dorl v. Commissioner*, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974).[9]

The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion. See *Estate of Young v. Commissioner*, 81 T.C. 879, 880–881 (1983); *Midland Mortgage Co. v. Commissioner*, 73 T.C. 902, 905 (1980); *Intervest Enterprises, Inc. v. Commissioner*, 59 T.C. 91, 94 (1972); *Goldstein v. Commissioner*, 22 T.C. 1233, 1236 (1954).[10] If we find that we do not properly have jurisdiction to consider an issue, then despite a party's choice of the Tax Court as a forum to settle the dispute, we may not decide the issue. *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 179 (1960); *Shelton v. Commissioner*, 63 T.C. 193 (1974); *Herbert Brush Manufacturing Co. v. Commissioner*, 22 B.T.A. 646, 647 (1931).

In general, Tax Court jurisdiction exists only if a valid statutory notice of deficiency has been issued by the Commissioner and a timely petition has been filed therefrom. Secs. 6212 and 6213; Rules 13 and 20; *Midland Mortgage Co. v. Commissioner, supra* at 907.[11] It is not the actual existence of a deficiency on which the Court's jurisdiction is based, rather it is the Commissioner's determination of a deficiency which provides the basis for our jurisdiction. *Hannan v. Commissioner*, 52 T.C. 787, 791 (1969); *Intervest Enterprises, Inc. v. Commissioner, supra* at 95.

A deficiency is generally defined as an amount by which the income, gift, or estate tax due under the law exceeds the amount of such tax shown on the return. Sec. 6211;[12] *Bregin v.*

---

[9]See also *Stafford v. Commissioner*, T.C. Memo. 1983–650.

[10]See also *Engel v. Commissioner*, T.C. Memo. 1958–52.

[11]See also *Stevenson v. Commissioner*, T.C. Memo. 1982–16.

[12]Sec. 6211 provides in pertinent part—

SEC. 6211(a). IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 exceeds the excess of—

  (1) the sum of

    (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

    (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

  (2) the amount of rebates, as defined in subsection (b)(2), made.

*Commissioner*, 74 T.C. 1097, 1102 (1980). A deficiency is neither a theory nor an intangible concept. *Veeder v. Commissioner*, 36 F.2d 342, 343 (7th Cir. 1929).[13] An instance in which the issuance of a statutory notice of deficiency does not confer jurisdiction on the Court occurs when a notice of deficiency is erroneously issued after payment of the tax. *Bendheim v. Commissioner*, 214 F.2d 26, 28 (2d Cir. 1954); *Anderson v. Commissioner*, 11 T.C. 841, 843 (1948).[14]

We have jurisdiction to decide not only whether the Commissioner's determination of a deficiency was correct, but also whether a taxpayer's claim that he has overpaid is correct. *Russell v. United States*, 592 F.2d 1069, 1071 (9th Cir. 1979); *Estate of Parshelsky v. Commissioner*, 303 F.2d 14, 22 (2d Cir. 1962). Section 6512(b)(1) gives the Court jurisdiction to determine an overpayment.[15] Respondent argues that because Congress has developed a separate statutory scheme for recovery of stolen or forged refund checks, the Court cannot consider petitioner's claim of overpayment, even though excess withholding credits are included in the definition of an overpayment[16] and even though the Court has jurisdiction to determine an overpayment. We do not agree that our jurisdiction is barred by this separate statutory scheme.

In determining the amount of an overpayment for the year in which the Commissioner has determined a deficiency, we may take into account payments made by a taxpayer through withholding or by payment of estimated income tax. If these payments exceed the income tax liability for the year in controversy, then an overpayment exists. *Keefe v. Commissioner*, 15 T.C. 947, 955–956 (1950). In fact we recently held that our jurisdiction to determine an overpayment includes the

---

[13]See also *Luke v. Commissioner*, T.C. Memo. 1964–176.

[14] See also *Stroman v. Commissioner*, T.C. Memo. 1978–96.

[15]Sec. 6512(b)(1) provides in pertinent part—

SEC. 6512(b). OVERPAYMENT DETERMINED BY TAX COURT.—

   (1) JURISDICTION TO DETERMINE.— * * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court becomes final, be credited or refunded to the taxpayer.

[16]Sec. 6401 provides—

SEC. 6401(a). ASSESSMENT AND COLLECTION AFTER LIMITATION PERIOD.—The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto.

power to consider interest as part of an overpayment. *Estate of Baumgardner v. Commissioner*, 85 T.C. 445 (1985).

We have previously faced a problem similar to the one presented in the instant case. See *Bolnick v. Commissioner*, 44 T.C. 245 (1965). In *Bolnick*, we held that we would consider the amount claimed by taxpayers on their return as an overpayment, despite the fact that respondent's records indicated a refund check had been issued. In that case, taxpayers maintained that they never received a refund of $778.90 for the taxable year for which respondent had determined a deficiency. We received evidence on the issue and ultimately concluded that there was an overpayment. For our purposes, the important fact is not that the Court decided that taxpayers had made an overpayment; instead, what is significant is the fact that the Court considered the taxpayers' claim.[17] In reaching this conclusion we stated that:

Our jurisdiction is precisely circumscribed by statute and we can only determine the amount of a deficiency or of an overpayment in income tax— or of both—for the taxable year for which respondent has determined a deficiency. Sec. 6512(b), I.R.C. 1954. But in determining the amount of an overpayment, albeit for the same year for which we may determine a deficiency, we are to take into account payments made by the taxpayer by withholding and by payments on declaration of estimated tax, and if the total of such payments exceeds income tax liability for the year in controversy, we are to determine an overpayment. *Ernest J. Keefe*, 15 T.C. 947 (1950). [*Bolnick v. Commissioner*, supra at 258.][18]

We do have jurisdiction to determine whether or not petitioner received his refund checks, and if not, whether the amount due him in refunds constitutes an overpayment or reduces the deficiency. Since the function of this Court is to adjudicate deficiency disputes, if we could not consider the issue of petitioner's nonreceipt of his refunds, then we would be without an essential power to fulfill our duties. See *Stevens v. Commissioner*, 709 F.2d 12 (5th Cir. 1983).

---

[17]See also *Weiner v. Commissioner*, T.C. Memo. 1971–56, in which we received evidence concerning taxpayer's receipt or non-receipt of his refund check and the effect of that fact on the ultimate fact to be decided, the proper amount of a deficiency or overpayment.

[18]As we pointed out in *Bolnick v. Commissioner*, 44 T.C. 245 (1965), the provisions of sec. 6512(b)(2) define the parameters of our jurisdiction to consider this point. We may take into account the amount of the taxpayer's refund in determining an overpayment "if we find that a timely claim for refund for the amount could have been filed (whether or not it was in fact filed) on the date that the statutory notice of deficiency was mailed." *Bolnick v. Commissioner*, supra at 260; sec. 6512(b)(2).

When a notice of deficiency is mailed to a taxpayer he has two options, one is to petition the Tax Court before payment of the tax, and the other is to pay the tax and sue for a refund in a district court or in the United States Claims Court. Sec. 7422(a) and (e);[19] *Drake v. Commissioner*, 554 F.2d 736, 739 (5th Cir. 1977).[20] Once a taxpayer chooses to litigate his claim in the Tax Court, we have exclusive jurisdiction over the issues involved in adjudicating the tax liability. *Dorl v. Commissioner, supra* at 720: sec. 6512(a). We acquire jurisdiction when a taxpayer files with the Court and that jurisdiction extends to the entire subject matter of the correct tax for the taxable year. See *Erickson v. United States*, 309 F.2d 760, 767, 159 Ct. Cl. 202, 216 (1962); *Peters v. United States*, 618 F.2d 125, 222 Ct. Cl. 534 (1979); *Russell v. United States, supra* at 1071.

A dichotomy exists between our function with respect to overpayments and respondent's responsibility to make refunds. While the Court has jurisdiction to determine an overpayment, it has no authority to order or deny a refund. *U.S. ex rel Girard Trust Co. v. Helvering*, 301 U.S. 540, 542 (1937); *Hollie v. Commissioner*, 73 T.C. 1198, 1204 (1980).[21] Taxpayers have access to the district courts or Claims Court if any refund suit were necessary. *U.S. ex rel Girard Trust Co. v. Helvering, supra.*

Respondent's argument that petitioner cannot pursue his contention in the Tax Court because Congress has developed a

[19]Sec. 7422(a) provides—

SEC. 7422(a). No SUIT PRIOR TO FILING CLAIM FOR REFUND.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Sec. 7422(e) provides—

SEC. 7422(e). STAY OF PROCEEDINGS.—If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, * * * mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. * * *

[20]See also *Stafford v. Commissioner*, T.C. Memo. 1983–650; *Vickers v. Commissioner*, T.C. Memo. 1983–429.

[21]See also *Fink v. Commissioner*, T.C. Memo. 1984–505.

scheme for recovery of stolen Treasury checks misses the point.[22] Petitioner bases his petition on his claim that no deficiency exists or that there is, perhaps, an overpayment because he has already paid taxes in the amount of the refund checks. Petitioner does not base his claim on the checks themselves.

Petitioner faces two problems: (1) A determination of a deficiency in his income tax liability for certain years and (2) nonreceipt of his refund checks. The Tax Court has jurisdiction to determine whether or not a deficiency or an overpayment exists. Should we ultimately find that petitioner has overpaid his taxes, and respondent refuses to credit or refund petitioner's taxes, then petitioner may resort to a Federal district court or the United States Claims Court for recovery. *U.S. ex rel Girard Trust Co. v. Helvering, supra*; *Robbins Tire & Rubber Co. v. Commissioner*, 53 T.C. 275, 279 (1969).[23] We have no jurisdiction over a recovery, but this is not what petitioner is seeking in the Tax Court.

The statutory scheme set out at 31 U.S.C. section 3343 provides only a method for recovering a lost or stolen refund check. If we limit petitioner's remedies to that plan, we would effectively be denying him his right to petition this Court for a redetermination of his income tax liability. Congress has nowhere indicated that a taxpayer must follow one path to the exclusion of the other. Petitioner can proceed in this Court while continuing to pursue his claim with the Division of Check Claims. It is true that a decision rendered by either the Court or the Division of Check Claims may have an impact on the proceedings in the other forum; however, we will not and cannot relinquish jurisdiction because a recovery method exists which ought to relieve petitioner of his problem with respect to recovery of his refund checks.[24]

---

[22]Congress established a recovery plan for people whose Treasury checks have been stolen or lost without any fault by the claimant. See 31 U.S.C. sec. 3343. There is a four prong recovery test which a claimant must satisfy in order to recover: (1) The check was lost or stolen without fault of the payee; (2) the check was negotiated and paid on a forged endorsement of the payee's name; (3) the payee did not participate in any part of the proceeds of the negotiation; and (4) recovery from the forger on the check after the forgery has been or may be delayed or unsuccessful. 31 U.S.C. sec. 3343(b).

[23]See also *Rosenberg v. Commissioner*, T.C. Memo. 1970-201.

[24]Petitioner submitted a claim in the spring or summer of 1982 to the Division of Check Claims, Bureau of Government Operations, Department of Treasury asking that replacement refund checks be issued to him. No final action has been taken yet, apparently because of missing information about his claim, and the fact that Charles Berg, who allegedly forged the

Judicial economy requires that all issues raised in a case be tried and settled in one proceeding; this has long been our policy. Cf. *Estate of Baumgardner v. Commissioner*, 85 T.C. 445 (1985); *Markwardt v. Commissioner*, 64 T.C. 989, 998 (1975) (where we denied the taxpayer's request for a second trial when he attempted to raise a new issue not raised at the first trial); *Robin Haft Trust v. Commissioner*, 62 T.C. 145, 147 (1974) (where we denied the taxpayer's request for reconsideration of our opinion and to vacate our decision). When we are presented with a case over which we have jurisdiction and in which we possess the necessary and usual powers to resolve the dispute, we must consider all the issues raised by the case. See *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984). Since petitioner has properly invoked the jurisdiction of this Court, if we do not consider whether or not petitioner received his refund checks, we would leave an essential issue unaddressed. The consequences of omitting consideration of this issue might well require additional hearings and evidence, thus placing an undue burden on the Court as well as the parties.

There are factual and legal questions which we need not decide at this time. We make no finding herein as to whether respondent properly computed the deficiency. The question of whether the deficiency should be reduced to the extent that refunds were issued by respondent and not received by petitioner will be decided on another day.

Based on the foregoing, respondent's motion is denied.

*An appropriate order will be issued.*

---

endorsements and cashed the refund checks, has fled from the country. A separate grand jury investigation is being conducted to investigate Berg. The files which Berg kept on each of his clients, including petitioner, are part of the grand jury material and cannot yet be released to the Division of Check Claims.