HAROLD I. GERINGER and ELEANORE N. GERINGER, Petitioners v COMMISSIONER OF INTERNAL REVENUE, Respondent
Geringer v. Commissioner
Docket No. 4935-90
United States Tax Court
T.C. Memo 1991-32; 1991 Tax Ct. Memo LEXIS 52; 61 T.C.M. (CCH) 1738; T.C.M. (RIA) 91032; January 28, 1991, Filed *52 An order and decision will be entered granting respondent's motion for summary judgment and denying petitioners' cross-motion for summary judgment. Harold I. Geringer, pro se. Victoria Wilson Fernandez, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
This case is before the Court on the parties' cross-motions for summary judgment pursuant to Rule 121. [1] The sole issue for decision is whether a closing agreement executed by the parties precludes respondent from determining an addition to tax against petitioners pursuant to section 6661 for taxable year 1982. Respondent examined the 1981 tax return of Huron Electronics, Ltd. (Huron), a subchapter S corporation. While not entirely clear from this record, it also appears that prior and subsequent years' returns of Huron were *53 examined. Following the examination, respondent disallowed a deduction claimed by petitioners on their jointly filed return for 1981 as their distributive share of the loss incurred by Huron. Respondent's examination of Huron's returns also impacted petitioners' tax liabilities for other years. After the examination and during the administrative appeal process, respondent's appeals officer contacted petitioners with a proposal to settle the case. By letter dated September 9, 1987, the appeals officer proposed the following with respect to additions to tax [2] for 1981: (1) Respondent would concede additions to tax determined under sections 6659 and 6653(a) and (2) petitioners would concede the section 6661 addition to tax. Petitioners rejected this offer, citing inclusion of the section 6661 addition to tax as a major factor in declining the offer. *54 Respondent issued a notice of deficiency on December 18, 1987, determining a $ 13,037 deficiency in petitioners' Federal income tax for 1981, as well as additions to tax. Petitioners filed a petition with the Court on March 4, 1988, seeking a redetermination of the 1981 deficiency. That case was docketed at No. 4213-88. The appeals officer made another settlement offer by letter May 10, 1988, which proposed: 1) For the 1980 promotion: You will be allowed an ordinary deduction of 100% of the actual cash invested in 1980. The government will concede all penalties. Interest on the understatement will be calculated under IRC section 6621(c), formerly section 6621(d). 2) For the 1981 and subsequent promotions: You will be allowed 75% of your cash investment as an ordinary loss in the initial year of your investment, with the remaining 25% of your cash investment as a long term capital loss in the subsequent year. The government will concede the IRC section 6659 and 6653(a) penalties. Interest in the underpayment attributable to your investment will be calculated under IRC section 6621(c), formerly section 6621(d).
Petitioners interpreted this letter as *55 respondent's concession of the section 6661 addition to tax because the letter made no reference to the addition. Petitioners executed a closing agreement pursuant to section 7121 on November 8, 1988. Pursuant to an agreement of the parties, a decision was entered in docket No. 4213-88 on December 12, 1988. Respondent approved the closing agreement on December 28, 1988, and forwarded a copy of the approved agreement to petitioners on January 19, 1989. The agreement stated: 1. The taxpayer may claim a long-term capital loss of $ 3,500.00, for the taxable year 1982. 2. The taxpayer's adjusted basis of his interest in the HURON ELECTRONICS, LTD. stock is zero as of January 1, 1983. 3. Except as provided in this agreement, no deduction or losses are allowable for any amounts paid on or before December 31, 1982. The taxpayer is not required to include in gross income any amount paid to him upon the expiration of a stock option agreement entered into during 1981 with respect to his HURON ELECTRONICS, LTD. stock.
The closing agreement did not discuss any additions to tax. Respondent issued a notice of deficiency on January 5, 1990, determining an addition *56 to tax under section 6661 in the amount of $ 2,592 for taxable year 1982. Petitioners timely filed their petition wherein they claimed that respondent was barred from determining the section 6661 addition to tax. At the time they filed their petition herein, petitioners resided at New York, New York. Respondent filed his motion for summary judgment and petitioners filed their cross-motion for summary judgment. The parties agree that the sole issue for decision is whether respondent properly determined a section 6661 addition to tax for 1982 in light of the closing agreement. Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Preece v. Commissioner, 95 T.C. 594 (1990); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled *57 to judgment on the substantive issues as a matter of law. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we view facts and inferences drawn therefrom in the light most favorable to the opposing party. Naftel v. Commissioner, 85 T.C. at 529. Petitioners argue that respondent waived his right to determine the addition to tax under section 6661 since reference to that section was omitted in later correspondence leading to drafting the closing agreement and the closing agreement itself did not contain any references to the addition. Petitioners ask us to interpret the closing agreement in light of correspondence preceding its execution, and to assign a purpose to the agreement's failure to address additions to tax for 1982, including the section 6661 addition. Respondent argues that since the closing agreement does not discuss additions to tax, determination of additions to tax was not "agreed upon". Section 7121 allows the Secretary to enter into a binding written agreement with a taxpayer concerning the taxpayer's tax liability for any period. Under the statute, the terms of the agreement *58 are final and conclusive and the case cannot be reopened as to matters agreed upon, absent a showing of fraud, malfeasance, or misrepresentation of a material fact. Letters between respondent's agents and petitioners in the course of negotiating a settlement agreement do not rise to the level of a closing agreement. The terms contained therein were mere proposals for discussion and do not constitute positions binding on respondent. Consequently, even if we assume that respondent made concessions in prior correspondence, he is not bound by such concessions absent their incorporation into a binding closing agreement. A closing agreement is interpreted under ordinary principles of contract law. United States v. Lane, 303 F.2d 1, 4 (5th Cir. 1962). Thus, it is read within its four corners and without the assistance of extrinsic evidence unless it is ambiguous as to essential terms. In this case, the closing agreement is limited on its face to the tax treatment of certain losses incurred by a subchapter S corporation of which petitioners were shareholders. The agreement does not address the question of additions to tax or the increased interest stemming from *59 the adjustments to Huron's returns. The limited scope of the closing agreement does not make it ambiguous. The agreement is simply limited to those matters contained therein. Since the Internal Revenue Code provides for additions to tax, the section 6661 addition is based on application of the Code, not the agreement. Smith v. United States, 850 F.2d 242 (5th Cir. 1988). Further, we have ruled that only matters specifically spelled out in a closing agreement as being resolved will be treated as settled. Zaentz v. Commissioner, 90 T.C. 753 (1988). Premises underlying the agreement, and even recited in the agreement but not specifically noted as settled, are not binding on the parties to the agreement. Even if petitioners are correct in their interpretation of respondent's letters, they should have insured that their understandings were incorporated into the language of the agreement. Respondent is not precluded by the closing agreement from determining an addition to tax under section 6661. Since we hold that respondent is entitled to a decision as a matter of law, and since petitioners do not otherwise contest the validity of respondent's *60 determination of additions to tax under section 6661, An order and decision will be entered granting respondent's motion for summary judgment and denying petitioners' cross-motion for summary judgment.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. While the parties to this controversy refer to "penalties" in their letters, agreements, and arguments, we will utilize the terminology set forth in the Internal Revenue Code, which is "additions to tax".↩