EARL E. GRAHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graham v. Commissioner
Docket No. 24249-92
United States Tax Court
T.C. Memo 1993-505; 1993 Tax Ct. Memo LEXIS 517; 66 T.C.M. (CCH) 1186; November 2, 1993, Filed *517 Earl E. Graham, pro se. For respondent: Brian M. Harrington. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for summary judgment, filed September 28, 1993, pursuant to Rule 121. [1] Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653
Sec. 6653(a)(2)
Sec. 6654(a)
(a)(1) (a)(1) 1984
$  9,113
$ 1,718.00
$ 455.65
50 percent of
$ 572.94
the interest due
on $ 6,872
1985
14,333
3,583.25
716.65
50 percent of
821.32
the interest due
on $ 14,333
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653
Sec. 6653(a)(1)(B)
Sec. 6654(a)
(a)(1) (a)(1)(A)
1986
$ 17,868
$ 4,467.00
$ 893.40
50 percent of the
$ 864.52
interest due on
$ 17,868
1987
11,088
2,487.25
554.40
50 percent of the
319.28
interest due on
$ 9,949
*518 Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 12,460
$ 2,938.00
$ 623
$ 800.25
1989
10,591
2,385.50
-- 717.21
Respondent's motion asks that we uphold the deficiencies and additions to tax determined in the notice of deficiency. By order dated September 30, 1993, this Court directed petitioner to file a response to respondent's motion on or before October 20, 1993. Petitioner has not filed a response in accordance with the Court's order of September 30, 1993. Rule 121(a) provides that a party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985). In his petition, petitioner disputes the accuracy of the amounts of income and deductions that form the basis of respondent's determinations. Petitioner also alleges that the notice of *519 deficiency is invalid and, if not invalid, that the burden of proof should be shifted, because respondent's determination was made without any rational basis. In support of her motion for summary judgment, respondent relies on petitioner's deemed admission of material facts. The facts upon which respondent relies are contained in two separate requests for admissions that respondent served on petitioner on July 23, 1993, and August 20, 1993, pursuant to Rule 90. Petitioner failed to respond to either of respondent's requests for admissions. Tax Court Rule 90 allows any party to serve a written request for admission of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action. Each matter is deemed admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that the matter cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. Rule 90(c). *520 It is clear that deemed admissions that dispose of all factual matters that are in dispute are grounds for a motion for summary judgment. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981). All the facts deemed admitted are incorporated herein by this reference. Included among the admitted facts are that petitioner failed to file returns for any of the years in issue, that the income, deductions, exemptions, and credits determined by respondent in the notice of deficiency are correct, and that petitioner is liable for the specific amounts of tax and additions to tax that respondent determined for each of the years at issue. The deemed admissions dispose of all the issues. Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩