DONALD J. MIRAVALLE AND LILLIAN JOY MIRAVALLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miravalle v. Commissioner
Docket No. 9870-91
United States Tax Court
T.C. Memo 1994-49; 1994 Tax Ct. Memo LEXIS 54; 67 T.C.M. (CCH) 2127; T.C.M. (RIA) 94049; February 9, 1994, Filed *54 Donald J. Miravalle and Lillian Joy Miravalle, pro se. For Respondent: Howard P. Levine. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent moved for summary judgment under Rule 121. [1] By Order, dated October 20, 1993, petitioners were required to respond to respondent's motion for summary judgment, but they failed to respond. Respondent, by the summary judgment motion, seeks to establish the income tax deficiencies and additions to tax and obviate the need for a trial. With respect to the additions to tax under section 6653(b), [2] respondent contends that her burden of proof can be carried by means of collateral estoppel and deemed admitted facts. Respondent determined Federal income tax deficiencies and additions to tax for petitioners' 1984 through 1986 taxable years as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Defic
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
6653
6661
iency
(b)(1)(B)
1984
$ 68,155
$ 34,078
$ 27,824.33
--
--
$ 17,039
1985
106,952
53,476
33,434.16
--
--
26,738
1986
123,832
--
--
$ 92,874
$ 29,859.95
30,958
*55 By order dated May 15, 1992, this Court previously granted respondent's motion for partial summary judgment and petitioners were collaterally estopped from denying fraud in all 3 taxable years because of their being convicted on December 14, 1990, of willfully attempting to evade tax. Respondent, on January 4, 1993, filed a Motion to Show Cause pursuant to Rule 91(f) as to why the facts and evidence recited in respondent's proposed stipulation of facts attached to respondent's motion should not be accepted a established. On February 16, 1993, petitioners filed a response to this Court's order to show cause, and on March 26, 1993, respondent filed a response to petitioners' response. After due consideration, this Court ordered on March 31, 1993, that the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established for purposes of this case. Respondent contends that these facts establish a fraudulent understatement of tax in each year and the full amount of the income tax deficiencies determined in the notice of deficiency. Facts Deemed Admitted -- At the time the petition was filed in this case, petitioners were incarcerated in Federal *56 Correctional Institutions in Springfield, Missouri (Donald J. Miravalle, hereinafter Donald), and Lexington, Kentucky (Lillian Joy Miravalle, hereinafter Lillian). During the years in issue, petitioners' primary business consisted of the manufacture and sale of marine air-conditioners. Petitioners filed joint tax returns for 1984, 1985, and 1986, wherein petitioners reported on Schedule C (Profit or (Loss) from Business or Profession) the income and expenses from their business. Petitioners maintained at least 10 bank accounts for use with their business activities, some of which were opened using fictitious names and Social Security numbers in an attempt to avoid paying tax on the income deposited in those accounts. The couple's tax returns for 1984, 1985, and 1986 included only a portion of the deposits made to their various bank accounts, resulting in substantial amounts of unreported gross receipts for those years. During the years in question, petitioners also used aliases to perpetuate their scheme of hiding income -- Donald was also known as Don King; Lillian was also known as Joy Smythe. On December 14, 1990, petitioners were convicted of willfully attempting to evade *57 income tax pursuant to section 7201 for the years 1984, 1985, and 1986. In addition to underreporting gross receipts for the years in issue, petitioners claimed excess business expenses, and failed to report interest income, capital gains, and self-employment income, thereby further increasing their unreported tax liabilities. Petitioners' corrected taxable income, income reported, and understatement of income for the years in issue are as follows: Year
Corrected
Reported
Understatement
1984
$ 173,549
$ 26,525
$ 147,024
1985
246,729
24,867
221,862
1986
285,039
31,960
253,079
Because petitioners willfully failed to report substantial gross receipts with the intent to evade tax, petitioners fraudulently underpaid their income tax liability for the years in issue. Petitioners' corrected tax liability, reported tax liability, and understatement of tax for the years in issue are as follows: Year
Corrected
Reported
Understatement
1984
$  74,732
$ 6,577
$  68,155
1985
113,352
6,400
106,952
1986
132,780
8,948
123,832
Discussion -- Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings and admissions *58 show that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact. Marshall v. Commissioner, 85 T.C. 267, 271 (1985). The facts are viewed in a light most favorable to the nonmoving party. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The factual allegations deemed admitted under Rule 91(f) establish that petitioners had substantial unreported income for the years in issue. Because the admitted facts establish that there is no genuine issue of material fact with respect to the deficiencies for the years in issue, respondent is entitled to summary judgment on that issue. The admitted facts also establish that petitioners substantially understated their income tax liability for the years in issue; therefore, respondent is entitled to summary judgment for the additions to tax pursuant to section 6661 for those years. With respect to the additions to tax for fraud pursuant to section 6653(b)(1) and (2) *59 for the years 1984 and 1985 and section 6653(b)(1)(A) and (B) for the year 1986, respondent bears the burden of proving fraud by clear and convincing evidence. Rule 142(b). Respondent's burden is met if she establishes that petitioners intended to evade taxes known to be owing or proves conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. Estate of Upshaw v. Commissioner, 416 F.2d 737, 741 (7th Cir. 1969), affg. T.C. Memo. 1968-123. Respondent's burden of proving fraud can be met by facts established through deemed admissions. Brooks v. Commissioner, 82 T.C. 413, 433 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985). Since the deemed admissions in conjunction with the prior estoppel establish that petitioners willfully failed to report substantial gross receipts and fraudulently underpaid their income tax liability with the intent to evade tax, respondent's burden to establish fraud by clear and convincing evidence has been satisfied. Accordingly, respondent is entitled to summary judgment for the additions *60 to tax pursuant to section 6653(b)(1) and (2) for the years 1984 and 1985 and section 6653(b)(1)(A) and (B) for the year 1986. Respondent's motion for summary judgment will be granted as to all items set forth in the notice of deficiency. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Rule references are to this Court's Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue.↩