T.C. Memo. 2002-60

UNITED STATES TAX COURT

DALE I. DIRKES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11925-98.               Filed February 28, 2002.

Dale I. Dirkes, pro se.

<u>Frederick W. Krieg</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge:</u>  This case was assigned to Special Trial

Judge Daniel J. Dinan pursuant to the provisions of section

7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, <u>Special Trial Judge</u>: This matter is before the Court on respondent's Motion for Summary Judgment, filed pursuant to Rule 121(a). Petitioner filed an objection to the motion.

### <u>Background</u>

On April 7, 1998, respondent sent a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1994 of $23,543, and additions to tax pursuant to section 6651(a)(1) and section 6654(a) of $3,498.50 and $671.13, respectively. Respondent determined that petitioner failed to timely file his Federal income tax return for 1994, failed to pay estimated taxes, and failed to report the following amounts includable in his income:

| | |
|---|---|
| Capital gains | $60,628 |
| Wages | 37,323 |

Respondent also determined that petitioner was entitled to a standard deduction of $3,175 and an exemption of $1,862.

Petitioner timely filed his petition with the Court on July 6, 1998, in which he alleged, in pertinent part:

> 4. The determination of the tax set forth in said notice of deficiency is based upon the following errors:
>
> A. The Commissioner has erroneously alleged that the petitioner received thirty-

seven thousand, three hundred and twenty-three dollars, ($37,323), in wages.

B. The Commissioner has erroneously alleged that the petitioner received a capital gain of sixty thousand, six hundred and twenty-eight dollars, ($60,628).

*       *       *       *       *       *       *

D. The Commissioner has erroneously alleged that the petitioner owes a delinquency penalty of three thousand, four hundred ninety-eight dollars and fifty cents, ($3,498.50), pursuant to Internal Revenue Code Sec. 6651(a)(1).

E. The Commissioner has erroneously alleged that petitioner owes a penalty of six hundred seventy-one dollars and thirteen cents, ($671.13), for failure to file quarterly estimates pursuant to Internal Revenue Code Sec. 6654.

Further, petitioner alleges:

5. The facts upon which petitioner relies, as the basis of the petitioner's case, are as follows:

A. To the best of petitioner's information, knowledge, and belief, the petitioner's total income was less than twenty thousand dollars, ($20,000). This compensation consisted of approximately eleven, (11), days of regular wages with the remaining compensation deriving from the exercise of Incentive Stock Option(s). Petitioner is without documentation sufficient to produce a more detailed analysis of said compensation.

*       *       *       *       *       *       *

C. The petitioner's failure to file federal income tax returns in a timely manner is not due to or resultant from willful neglect.

D.  The petitioner's failure to file federal income tax returns in a timely manner <u>is</u> due to and resultant from reasonable cause.

In his Motion for Summary Judgment, respondent, for the purpose of this motion, concedes the capital gain adjustment of the statutory notice of deficiency.  Thus, this adjustment is no longer at issue.

The notice of deficiency allowed petitioner a standard deduction of $3,175 based on "married filing separate" status. Respondent concedes that petitioner should be allowed a standard deduction of $3,800 based upon "single" filing status.  This adjustment is not at issue.

For the purpose of this motion, respondent concedes the sections 6651(a)(1) and 6654(a) additions to tax.  Thus, these adjustments are no longer at issue.

Before respondent filed the motion for summary judgment, petitioner filed a reply to respondent's answer to the petition in which he avers:

> 2.  On or about September 29, 1998, Petitioner received his W2 forms for the first time from his previous employer, MCI Communications Corporation * * *.  Those W2's indicate that Petitioner's total income for the calendar year 1994 was thirty-seven thousand, three hundred twenty-three dollars and eleven cents, ($37,323.11).  This income includes all Incentive Stock Options, (ICO's), exercised in calendar year 1994.

The notice of deficiency included in petitioner's income wages of $37,323 for 1994.  Pursuant to petitioner's admission in

paragraph 2 of his reply to respondent's answer, he is deemed to have conceded that amount. Thus, these wages are no longer in issue.

### Discussion

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be made in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

As previously stated, the issues framed by the pleadings in this case are: (1) Whether petitioner failed to report capital gain of $60,628; (2) whether he failed to report wages of $37,323; (3) whether he is allowed an exemption of $1,862; (4) whether he is allowed a standard deduction of $3,175; (5) whether

he is liable for an addition to tax pursuant to section 6651(a)(1) of $3,498.50; and (6) whether he is liable for an addition to tax pursuant to section 6654(a) of $671.13.

For the purpose of this motion, respondent concedes the capital gain adjustment of $60,628, and petitioner admits having received wages of $37,323 from MCI for 1994.

Based on decreased adjusted gross income resulting from respondent's concessions, respondent concedes that petitioner is entitled to an exemption in the amount of $2,450. This adjustment is not at issue.

Respondent concedes that petitioner is entitled to a standard deduction of $3,800 based upon "single" filing status. This adjustment is not at issue.

Respondent concedes that petitioner is not liable for additions to tax pursuant to sections 6651(a)(1) and 6654(a).

## Conclusion

For the reasons stated herein, we find and hold that there is no genuine issue as to any material fact remaining for litigation in this case and that a decision may be rendered as a matter of law.

To reflect the foregoing,

<u>An order granting respondent's motion for summary judgment will be issued, and decision will be entered pursuant to Rule 155</u>.