T.C. Summary Opinion 2009-30


UNITED STATES TAX COURT



GREGORY A. AND TERRI L. MADDUX, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8072-08S.                    Filed March 4, 2009.


Gregory A. and Terri L. Maddux, pro sese.

Douglas S. Polsky, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

    [1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2005, the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,502 in petitioners' Federal income tax for 2005. The deficiency is attributable to respondent's disallowance of petitioners' claimed charitable contribution carryover of $10,000 arising from charitable contributions made in 2002.

After concessions by respondent,[2] the sole issue for decision is whether petitioners are eligible for a charitable contribution carryover beyond that which has already been conceded by respondent. Because we agree that petitioners were not eligible for any additional charitable contribution carryover from 2002 in 2005, we hold for respondent.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, petitioners resided in the State of Kansas.

Petitioners were regular and generous contributors to their church. In 2002, petitioners donated $122,214. In 2003, they

---

[2] Although the notice of deficiency disallowed the entire $10,000 claimed charitable contribution carryover from 2002 to 2005, respondent later conceded that petitioners were eligible for $1,944 of the carryover.

donated $33,155.  In 2004, they donated $16,995.  In 2005, they donated $35,920.

In 2004, the Internal Revenue Service selected petitioners' 2002 return for an audit examination.  Petitioners' 2002 charitable contributions were substantiated and it was determined that petitioners had a charitable contribution carryover of $61,150.  Petitioners did not amend their already-filed 2003 return to claim any part of the carryover amount they were eligible for in that year.

When they filed their 2004 Federal income tax return, petitioners reported charitable contributions of $16,995 and claimed a carryover of $17,033 from 2002.

In 2005, petitioners reported charitable contributions of $35,920.  They also claimed a charitable contribution carryover of $10,000 from 2002.  Respondent disallowed the $10,000 deduction and sent petitioners a notice of deficiency.  Respondent subsequently conceded that petitioners were entitled to a carryover of $1,944 from 2002 to 2005.

## Discussion[3]

Section 170(a) allows a deduction for charitable contributions made within the taxable year.  As relevant here, section 170(d)(1) provides that if the amount of a charitable

---

[3]  The issue for decision is essentially legal in nature; accordingly, we decide it without regard to the burden of proof.

contribution made to a church exceeds 50 percent of the

taxpayer's "contribution base" for that year,[4] any excess

contribution is to be treated as a charitable contribution paid

in <u>each</u> of the 5 succeeding taxable years in order of time,

according to a formula.[5]  See sec. 170(d)(1)(A) (emphasis added);

see also sec. 170(b)(1)(A); sec. 1.170A-10(b), Income Tax Regs.

The regulations clarify that the carryover provisions and

limitations apply even if a taxpayer elects the standard

deduction in a given tax year.  See sec. 63; sec. 1.170A-

---

[4]  A taxpayer's contribution base is the taxpayer's adjusted gross income calculated without regard to any net operating loss carryback under sec. 172.  Sec. 170(b)(1)(G).

[5]  Sec. 170(d)(1)(A) requires that the carryover contribution amount be the lesser of:

> (i) the amount by which 50 percent of the taxpayer's contribution base for such succeeding taxable year exceeds the sum of the charitable contributions described in subsection (b)(1)(A) payment of which is made by the taxpayer within such succeeding taxable year (determined without regard to this subparagraph) and the charitable contributions described in subsection (b)(1)(A) payment of which was made in taxable years before the contribution year which are treated under this subparagraph as having been paid in such succeeding taxable year; or

> (ii) in the case of the first succeeding taxable year, the amount of such excess, and in the case of the second, third, fourth, or fifth succeeding taxable year, the portion of such excess not treated under this subparagraph as a charitable contribution described in subsection (b)(1)(A) paid in any taxable year intervening between the contribution year and such succeeding taxable year.

10(a)(2), Income Tax Regs.  In other words, the carryover is good for the 5 years immediately following the charitable deduction, and some portion of the deduction expires each year whether it is actually used or not.[6]

In this case, petitioners do not otherwise dispute respondent's computation (expressed in his concessions) of the $1,944.  Rather, petitioners' central argument is that they should not be limited to $1,944 and may use the carryover credit as they see fit as long as they do so within the allowable time period following the original charitable contribution. Specifically, petitioners argue that they should be permitted to deduct $10,000 of the charitable contribution carryover in 2005. The plain language of the statute and the applicable regulations dictates otherwise.

Petitioners argue that the IRS did not tell them that they needed to amend any already-filed returns to take full advantage of their charitable contribution carryover.  In this regard, petitioners argue that the rules regarding charitable contribution deductions and related carryovers are confusing, and thus they (i.e., petitioners) should be permitted to deduct their

---

[6] For a concise explanation of the mechanics of the carryover, see, e.g., Charitable Contributions: Income Tax Aspects, 521-3rd Tax Mgmt. (BNA), A-139 through A-140 (May 13, 2008) and the examples illustrated therein.

contribution carryover amounts in ways not contemplated by the statute and the accompanying regulations.

However intricate the rules may be, taxpayers are permitted deductions only as a matter of legislative grace, and then only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). See generally Cheek v. United States, 498 U.S. 192, 199-200 (1991); Marsh & McLennan Cos. v. United States, 302 F.3d 1369, 1381 (Fed. Cir. 2002); Phila. & Reading Corp. v. United States, 944 F.2d 1063, 1074 (3d Cir. 1991). And under the rules applicable to charitable contribution carryovers, petitioners were eligible, in 2005, for a carryover of only $1,944, and not $10,000.

Petitioners also urge us to suspend the running of the period of limitations as to tax years 2003 and 2004 to permit them the opportunity to amend their income tax returns for those years.[7] Mr. Maddux, a certified public accountant, could have gone back and filed an amended return for 2003 after he received the adjustments from his 2002 audit in June 2004; he chose not to do so. To grant petitioners' request is beyond the purview of this Court. The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent

---

[7] Sec. 6511 provides that taxpayers must file a claim for a refund within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever expires later. Petitioners' right to file a claim for a refund expired for 2003 on Apr. 15, 2007, and for 2004 on Apr. 15, 2008.

expressly authorized by Congress.  See, e.g., <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  We have no authority to suspend or adjust the period of limitations imposed by the Internal Revenue Code to suit petitioners' convenience.

To the extent petitioners have made other arguments, those arguments are without merit.  Therefore, and for the reasons discussed above, we hold that petitioners are entitled only to a charitable contribution carryover of only $1,944 from 2002 to 2005, and, accordingly

<u>Decision will be entered under Rule 155</u>.