# United States Tax Court

T.C. Summary Opinion 2024-15

JEFFREY R. POPE AND DAVIN L. POPE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 26170-22S.                          Filed July 17, 2024.

————

Jeffrey R. Pope and Davin L. Pope, pro sese.

*Daniel C. Chavez*, *Michael E. D'Anello*, *Heather H. Lee*, *Bethany M. Naccarato*, and *Marvin Tador*, for respondent.

## SUMMARY OPINION

SIEGEL, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

## *Background*

The Popes [2] jointly filed their 2020 Form 1040, U.S. Individual Income Tax Return (return).  On their return, petitioners mistakenly

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] References to "petitioner" are to Ms. Pope.  Mr. Pope was dismissed for lack of prosecution because he did not appear at trial.  *See* Rule 123(b).  The decision to be

claimed a $14,000 deduction for Individual Retirement Account (IRA) contributions, and respondent issued a notice of deficiency disallowing it. Petitioners lived in New Hampshire when they timely filed the Petition to commence this case.

The relevant facts are straightforward. In 2020 Mr. Pope contributed $4,911.72 to a section "401(k) plan" offered by his employer. Petitioners did not have an IRA in 2020, nor did they make contributions to one.

At trial petitioner explained that she came up with the IRA deduction amount reported on the return by adding the section 401(k) plan contribution amount from Mr. Pope's Form W–2, Wage and Tax Statement, to her estimate of his "deferred compensation" from the statements provided by the retirement plan itself. She then entered the sum of that calculation on Schedule 1, Additional Income and Adjustments to Income, line 19, IRA deduction (line 19), under the assumption that the tax preparation software would have alerted her if this was incorrect. But tax preparation software does not work that way, and it is not immune to user error.

*Discussion*

Quite simply, the Popes are not entitled to an IRA deduction because they did not contribute to a plan governed by section 219. *See* § 219, Retirement savings (explaining the basic rules applicable to an IRA). The fact that petitioner erroneously combined various funding sources making up Mr. Pope's account balance under his employer's section 401(k) plan (employee contributions, employer matching, reinvested gains) to arrive at an incorrect number ultimately has no impact.

More practically, we note that the Internal Revenue Service (IRS) annually publishes instructions for completing a Form 1040 return. Taxpayers who complete a return without professional assistance are advised to follow those instructions, even if they use tax preparation software. According to the instructions for the 2020 return, the amount reported on line 19 should include only contributions to a traditional IRA plan. *See* 2020 Instructions for Forms 1040 and 1040–SR, at 92. Petitioners did not make any. The instructions further explain that

---

entered will be consistent with respect to them both. *See* § 6013(d)(3); *Butler v. Commissioner*, 114 T.C. 276, 282 (2000).

"[y]ou can't deduct elective deferrals to a 401(k) plan." *Id.* Petitioners should not have included any amount on line 19.

Petitioners' deduction was an unfortunate miscalculation, incorrectly reported on their return, and properly disallowed by the IRS.

In response to petitioner's request to be relieved of any interest owed on the deficiency resulting from the disallowance, we note that we are unable to provide that relief. The Tax Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Apart from a few very limited exceptions that are not applicable here, this Court lacks jurisdiction over interest that accrues on a tax deficiency such as this one that has yet to be assessed. *See, e.g.*, *McCauley v. Commissioner*, T.C. Memo. 1988-431; *cf.* § 6404(h); Rules 280–284.

To reflect the foregoing,

*Decision will be entered for respondent.*