# United States Tax Court

T.C. Memo. 2024-110

DANIEL J. BEALKO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 8149-23.                          Filed December 16, 2024.

_____

Daniel J. Bealko, pro se.

*Sheila R. Pattison* and *K. Lyn Hillman*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, *Judge*: With respect to petitioner's Federal income tax for 2021, the Internal Revenue Service (IRS or respondent) determined a deficiency of $12,507 and an accuracy-related penalty of $2,501 under section 6662(a).[1]  The deficiency is attributable to the disallowance of a credit for which the Code does not provide.  Respondent having conceded the penalty, we will sustain the deficiency.

## FINDINGS OF FACT

We tried this case remotely via Zoomgov on November 19, 2024. The following facts are derived from the pleadings, a Stipulation of Facts with attached exhibits, and the testimony admitted into evidence at

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round most monetary amounts to the nearest dollar.

[*2] trial. Petitioner resided in Texas when he timely petitioned this Court.

Petitioner pleaded guilty to Federal income tax evasion for 2002 and has outstanding Federal income tax liabilities for many years. In May 2019 the IRS issued a Notice of Levy to Prudential Insurance Co. (Prudential), from which petitioner was receiving an annuity. The levy notice indicated that petitioner had unpaid tax liabilities in excess of $7.4 million for various years between 2001 and 2008, including a liability of $703,366 for 2006. There is no evidence that petitioner requested a collection due process (CDP) hearing in response to this levy notice.

By letter dated June 28, 2019, Prudential notified petitioner that, "[e]ffective June 1, 2019, your entire monthly benefit payment of $4,485.18 will be paid to the IRS each month until we receive a Release of Levy from them." The IRS subsequently agreed to reduce the monthly levy amount to $3,909 to mitigate the financial burden on petitioner.

During 2021 the IRS collected proceeds of $42,999 ($3,909 × 11) via levy on the Prudential account. (The proceeds of the December 2021 levy were evidently recorded in 2022.) The IRS applied the levy proceeds against petitioner's outstanding liability for 2006, the year for which the collection period of limitations was closest to expiring. The IRS had assessed petitioner's tax liability for 2006 on November 19, 2012, and it released its tax lien for 2006 on March 12, 2023. The 10-year collection period of limitations thus remained open throughout calendar 2021, the year in which the levy proceeds relevant to this case were collected. *See* § 6502(a)(1).

On April 3, 2022, petitioner filed a timely Form 1040, U.S. Individual Income Tax Return, for 2021, reporting total tax of $12,507. Against that liability he claimed an offset of $46,908, as shown on Schedule 3, Additional Credits and Payments. On that schedule he characterized the alleged $46,908 offset as a "payment or refundable credit" attributable to an amount "paid to IRS Austin by Prudential Retirement, $3,909/month × 12 months."

On November 11, 2022, the IRS notified petitioner that his 2021 return had been selected for examination. The letter expressed the understanding that petitioner had based the $46,908 offset on a "claim of right" theory. *See* § 1341(a). The letter requested additional information by way of substantiation.

**[\*3]**  After a further exchange of communications with petitioner, the IRS issued him a Notice of Deficiency dated March 15, 2023. The notice disallowed the $46,908 credit, concluding that he had not substantiated an entitlement to relief under section 1341. The notice determined a tax deficiency of $12,507 and an accuracy-related penalty of $2,501 (subsequently conceded). Previous communications between petitioner and the IRS appear to indicate that the remainder of the offset he claimed—$34,401, or $46,908 minus $12,507—is being treated as a "frozen refund."

On May 10, 2023, petitioner timely petitioned this Court. He did not allege any ground to support the $46,908 credit claimed on his 2021 return. Rather, he asserted that IRS levy on his Prudential annuity made "payment of 2021 taxes impossible," that his tax liabilities for 2001–2008 "should have passed the 10-year statute of limitations long ago," and that "the $46,908 taken should be a credit for 2021 taxes."

## OPINION

The IRS's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to deductions and credits allowed by the Code. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). Petitioner does not contend that the burden of proof should shift to respondent under section 7491.

On his 2021 return petitioner claimed an offset of $46,908 as an "additional payment or credit." The IRS initially understood that he was making a claim for relief under section 1341. That section provides for a recomputation of tax where a taxpayer restores (i.e., pays back) an amount included in income during a prior tax year under a claim of right.

As petitioner now seems to agree, section 1341 has no application here. When the IRS levied on his Prudential annuity, the result was not to pay back any money petitioner had included in income for a prior year under a claim of right. Rather, the levy resulted in the collection of a portion of petitioner's unpaid tax liability for 2006. Needless to say, the Code does not allow a Federal income tax credit for the payment of a Federal income tax liability for a prior year. And the collected proceeds of $42,999 were not creditable as an "additional payment" for 2021,

**[\*4]** because those proceeds were applied to reduce petitioner's Federal income tax liability for 2006.

In his Petition Mr. Bealko assigned no error to the IRS's determination that he is not entitled to relief under section 1341. Rather, he advanced two arguments that he repeated at trial. First, he contends that the levy proceeds were improperly applied against his 2006 tax liability, urging that the collection period of limitations for that year had expired. Second, he contends that the IRS should have applied the levy proceeds for his most recent tax years, including 2021. Otherwise, he says, he will never have enough money to pay his current tax liabilities and will be deluged with an endless series of collection actions.

As a threshold matter, we do not have jurisdiction in this deficiency case to consider whether the IRS applied the levy proceeds properly. That is a collection question that could come before us only in a CDP case. *See* §§ 6330(d)(1), 7442. "It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress." *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The only question we confront in this deficiency case is whether the IRS correctly disallowed the $46,908 credit petitioner reported. As explained above, the answer to that question is "yes."

Even if we had jurisdiction to decide the collection questions petitioner poses, we could not afford him any relief. As explained above, the 10-year collection period of limitations for 2006 was open throughout calendar year 2021. *See supra* p. 2. And the IRS has discretion to apply levy proceeds (or other nondesignated tax payment) in the manner that best serves the Government's interests. *See Melasky v. Commissioner*, 151 T.C. 93, 106 (2018), *aff'd*, 803 F. App'x 732 (5th Cir. 2020); *Amos v. Commissioner*, 47 T.C. 65, 70 (1966). Here, the IRS reasonably applied the levy proceeds for 2006, the prior tax year for which the collection period of limitations was closest to expiring.

That said, petitioner does confront a practical problem, and we understand why he feels frustration akin to that of Sisyphus, who could never get the huge rock all the way up the hill. At trial we suggested that a sensible course of action may be to submit to the IRS a request for collection relief, in the form of an offer-in-compromise or an installment agreement, and seek assistance from a Low Income Taxpayer Clinic or the Taxpayer Advocate Service in that endeavor.

**[\*5]**   To implement the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty.*