NORWEST CORPORATION AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norwest Corp. v. Commissioner
Docket Nos. 20567-93, 26213-93.
United States Tax Court
T.C. Memo 1995-390; 1995 Tax Ct. Memo LEXIS 389; 70 T.C.M. (CCH) 416; August 15, 1995, Filed *389 Mark Hager, for petitioner. Lawrence C. Letkewicz, for respondent. JACOBS, Judge JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121 [1] and petitioner's cross-motion for summary judgment. Both petitioner and respondent submitted memoranda in support of their positions. At the time the petitions were filed, petitioner's principal place of business was Minneapolis, Minnesota. Petitioner is engaged in the banking and financial services business. During 1987, 1988, and 1989, petitioner placed in service $ 57,526,417 of furniture and fixtures at its facilities throughout the Midwest. It claims these assets can be depreciated on the basis of a 5-year recovery period. Respondent concedes that the recovery period is 5 years for purposes of depreciating the *390 furniture and fixtures that are shown to be unique to petitioner's banking and financial services business. The sole issue before us is whether the remainder of the furniture and fixtures, i.e., those items which are not shown to be unique to the banking and financial services business, are depreciable on the basis of a recovery period of 5 years, rather than 7 years. Summary judgment is appropriate if the pleadings and other materials show that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A partial summary adjudication may be made that does not dispose of all the issues in the case. Rule 121(b). The moving party bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion and wear *391 and tear of property used in a trade or business. Section 168(a) generally provides that the depreciation deduction provided by section 167(a) for any tangible property shall be determined by using the applicable depreciation method, recovery period, and convention for such property. The sole issue before us concerns the applicable recovery period. Section 168(c) provides that the applicable recovery period of 5-year property is 5 years, and the applicable recovery period of 7-year property is 7 years. Section 168(e)(1) generally defines 5-year property as property having a class life of more than 4 years, but less than 10 years, and 7-year property as property having a class life of 10 years or more, but less than 16 years. "Class life", as defined by section 168(i)(1), is determined by reference to former section 167(m), as in effect prior to its repeal by the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11812(a), 104 Stat. 1388, 1388-534. Section 167(m) provided for a depreciation allowance based upon the class life prescribed by the Secretary of the Treasury or his delegate. The class lives of depreciable assets can be found in a series of Revenue Procedures *392 issued by respondent. See section 1.167(a)-11(b)(4)(ii), Income Tax Regs. The most recent Revenue Procedure, and the one in effect for the years in issue in this case, is Rev. Proc. 87-56, 1987-2 C.B. 674. Revenue Procedure 87-56 divides assets into two broad categories: (1) Asset guideline classes 00.11 through 00.4, consisting of specific depreciable assets used in all business activities, and (2) asset guideline classes 01.1 through 80.0, consisting of depreciable assets used in specific business activities. The specific asset guideline classes in issue are asset guideline classes 00.11 and 57.0. These asset guideline classes, and their headings, are reproduced as follows: SPECIFIC DEPRECIABLE ASSETS USED IN ALL BUSINESS ACTIVITIES, EXCEPT AS NOTED: 00.11 Office Furniture, Fixtures, and Equipment: Includes furniture and fixtures that are not a structural component of a building. Includes such assets as desks, files, safes, and communications equipment. Does not include communications equipment that is included in other classes. * * * * DEPRECIABLE ASSETS USED IN THE FOLLOWING ACTIVITIES: 57.0 Distributive Trades and Services: *393 Includes assets used in wholesale and retail trade, and personal and professional services. Includes section 1245 assets used in marketing petroleum and petroleum products.
Rev. Proc. 87-56, 1987-2 C.B. at 676, 686. In the present case, respondent determined and argues that petitioner's furniture and fixtures come within asset guideline class 00.11, which would result in a 7-year class life. Petitioner argues that its furniture and fixtures come within asset guideline class 57.0, which would result in a 5-year class life. Petitioner's argument centers around the words "EXCEPT AS NOTED" that are included in the caption at the top of the first broad category. Petitioner argues that these words cause the class life of furniture and fixtures to vary depending on the industry in which these items are used. Thus, according to petitioner's argument, if a desk is used in a factory, it should be depreciated over 7 years in accordance with asset guideline class 00.11, which provides that desks, inter alia, are to be depreciated over 7 years. However, according to petitioner's argument, if the very same desk is used in a bank, the words "EXCEPT *394 AS NOTED" except the desk from being depreciated over 7 years; rather, the desk should be depreciated over 5 years in accordance with asset guideline class 57.0, which provides that assets used in professional services, inter alia, are to be depreciated over 5 years. We disagree with petitioner. We read the words "EXCEPT AS NOTED" to mean except as specifically noted in asset guideline classes 00.11 through 00.4. For example, asset guideline class 00.11 states that it includes office furniture, fixtures, and equipment but does "not include communications equipment that is included in other classes". Id. at 676. Thus, in this context, the words "EXCEPT AS NOTED" refer to communications equipment that is included in an asset guideline class other than asset guideline class 00.11. In contrast, asset guideline class 57.0 includes depreciable assets that are used in certain activities and are not covered in other guideline classes. We examined the background of class 57.0 in Walgreen Co. & Subs. v. Commissioner, 103 T.C. 582 (1994); see also JFM, Inc. & Subs. v. Commissioner, T.C. Memo. 1994-239. We do not agree with petitioner *395 that furniture and fixtures suitable for use in a variety of businesses are to be removed from class 00.11 and placed in class 57.0 merely because they are being used in a bank. We conclude that the furniture and fixtures in question fall under asset guideline class 00.11 and have a recovery period of 7 years (except for those items, if any, which are unique to petitioner's banking and financial services business and thus are covered by respondent's concession). Accordingly, we shall grant respondent's motion for partial summary judgment, and we shall deny petitioner's cross-motion for summary judgment. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩