T.C. Summary Opinion 2001-23


UNITED STATES TAX COURT


EDWARD FALLS TRAMBLE-BEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16518-99S.                    Filed March 7, 2001.


Edward Falls Tramble-Bey, pro se.

<u>Robert J. Burbank</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1998, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on the parties' cross-motions for summary judgment.  The issue for decision is whether petitioner, an inmate at a penal institution, is entitled to an earned income credit.  As explained in greater detail below, we shall grant respondent's Motion for Summary Judgment and deny petitioner's Motion for Summary Judgment.

Background

Petitioner was initially incarcerated at the Missouri Department of Corrections in September 1997.  Petitioner remained incarcerated throughout the entire taxable year in issue, 1998, at the Ozark Correctional Center in Fordland, Missouri.  As of the date of this opinion, petitioner remains incarcerated, and his presumptive parole date is July 16, 2003.

While incarcerated in 1998, petitioner participated in a work-release program.  Under the terms of the program, petitioner was permitted to leave the Ozark Correctional Center to work, but was required to return to the correctional center each day after work.

Pursuant to the work-release program, petitioner worked for Pre-Stressed Casting Co. (Pre-Stressed Casting) in 1998.  Pre-Stressed Casting, a private-sector company, paid wages to petitioner in 1998 in the amount of $2,197.66.

Petitioner filed a Federal income tax return, Form 1040EZ, for 1998.  On his return, petitioner reported adjusted gross

income in the amount of $2,223.97, consisting of wages in the amount of $2,197.66 and taxable interest income in the amount of $26.31. Although petitioner reported no tax liability (because of the availability of a personal exemption and the standard deduction), petitioner claimed an earned income credit in the amount of $170.

After examining petitioner's return, respondent issued a notice of deficiency. In the notice, respondent determined that petitioner was not entitled to an earned income credit because he received wages while in a penal institution. Thereafter, petitioner invoked the Court's jurisdiction by filing a timely petition for redetermination.

Prior to trial, respondent moved for summary judgment. Relying on section 32(c)(2)(B)(iv) and Taylor v. Commissioner, T.C. Memo. 1998-401, respondent contends that petitioner is not entitled to an earned income credit because he was incarcerated throughout the year in issue.

Petitioner also moved for summary judgment prior to trial. Petitioner contends that he is entitled to the earned income credit because Pre-Stressed Casting is a private-sector company which paid him wages for work performed outside the Ozark Correctional Center.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We turn now to the substantive issue that the parties' cross-motions present.

An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount. See sec. 32(a)(1). Earned income includes

wages, salaries, tips, and other employee compensation. See sec. 32(c)(2)(A)(i). However, earned income does not include any amount received for services provided by an individual while the individual is an inmate at a penal institution. See sec. 32(c)(2)(B)(iv).

Respondent contends that section 32(c)(2)(B)(iv) is dispositive of the issue before us. Petitioner contends that section 32(c)(2)(B)(iv) does not apply because his wages were paid by a private-sector company for services rendered outside of the Ozark Correctional Center. We agree with respondent and disagree with petitioner.

Petitioner misconstrues section 32(c)(2)(B)(iv). Under that section, the status of the payor (i.e., public or private entity) is irrelevant; likewise, the situs where the services are performed (i.e., inside or outside the prison walls) is irrelevant. Rather, what is relevant is whether a taxpayer provides services while the taxpayer is incarcerated. See Taylor v. Commissioner, T.C. Memo. 1998-401; cf. Lucas v. Commissioner, T.C. Memo. 1999-321. A taxpayer is incarcerated even when the taxpayer is outside the prison walls pursuant to a work-release program. In other words, a taxpayer is incarcerated for the entire period of the taxpayer's prison sentence or until paroled.

The legislative history of section 32(c)(2)(B)(iv) reveals that (1) Congress designed the earned income credit to alleviate

poverty and to provide work incentives to low-income individuals and that (2) Congress determined that these objectives would not be furthered if amounts paid for inmates' services were included in the definition of earned income.  See H. Rept. 103-826 (Vol. I) (1994); S. Rept. 103-412 (1994); see <u>Sutherland v. Commissioner</u>, T.C. Memo. 2001-8.  Accordingly, Congress enacted section 32(c)(2)(B)(iv) to exclude from the definition of earned income any amount received for services provided by an individual while the individual is an inmate at a penal institution.  See <u>id.</u>

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Conclusion</u>

In order to give effect to the foregoing,

> <u>An order and order and decision will be entered (1) denying petitioner's Motion for Summary Judgment, (2) granting respondent's Motion for Summary Judgment, and (3) entering decision for respondent</u>.