T.C. Memo. 2001-98

UNITED STATES TAX COURT

DALE I. DIRKES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11924-98.                    Filed April 24, 2001.

Dale I. Dirkes, pro se.

<u>Frederick W. Krieg</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Daniel J. Dinan pursuant to the provisions of section
7443A(b)(5).[1]  The Court agrees with and adopts the opinion of
the Special Trial Judge, which is set forth below.

---

[1]    Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue.  Rule
references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, Special Trial Judge:  This matter is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121(a).  Petitioner filed Petitioner's Objection to Respondent's Motion for Summary Judgment.  As explained below, we will grant respondent's Motion for Summary Judgment.

## Background

On April 7, 1998, respondent mailed a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1993 of $71,280 and additions to tax pursuant to section 6651(a)(1) and section 6654(a) of $13,143 and $2,115.63, respectively.  Respondent determined that petitioner failed to timely file his income tax return for the year in issue, failed to pay estimated taxes, and failed to report the following amounts includable in income:

| | |
|---|---|
| Capital gain | $137,835 |
| Interest | 13 |
| Prior year refund | 227 |
| Wages | 103,582 |

Respondent also determined that petitioner was entitled to a standard deduction of $3,100 and that petitioner's filing status was "married filing separate return".

Petitioner timely filed his petition with the Court on July 6, 1998. In his petition, petitioner alleged, in pertinent part:

4. The determination of the tax set forth in said notice of deficiency is based upon the following errors:

A. The Commissioner has erroneously alleged that the petitioner received two hundred forty-one thousand, six hundred and fifty-seven dollars, ($241,657), as total income.

B. The Commissioner has erroneously alleged that the petitioner received a capital gain of one hundred thirty-seven thousand, eight hundred and thirty-five dollars, ($137,835).

\* \* \* \* \* \* \*

D. The Commissioner has erroneously alleged that the petitioner owes a delinquency penalty pursuant to Internal Revenue Code §6651(a)(1) in the amount of thirteen thousand, one hundred and forty-three dollars, ($13,143).

E. The Commissioner has erroneously alleged that petitioner owes a penalty of two thousand, one hundred fifteen dollars and sixty-three cents ($2,115.63), for failure to file adequate quarterly estimates pursuant to Internal Revenue Code §6654.

Further, petitioner alleges:

5. The facts upon which the petitioner relies, as the basis of the petitioner's case, are as follows:

A. To the best of petitioner's information, knowledge and belief, the petitioner's total income was approximately one hundred three thousand, eight hundred seventy-seven dollars and twenty-four cents, ($103,877.24). This is the sum of the following:

| | |
|---|---|
| Approximate base salary: | $70,174.14 |
| Deferred compensation plan: | 224.97 |
| Incentive Stock Option (ISO): | 33,183.75 |
| Interest: | 13.38 |
| Wages for sports officiating: | 54.00 |
| Federal income tax refund: | 227.00 |
| Total | 103,877.24 |

See exhibits B, C, D, and E.[2]

* * * * * * *

C. The petitioner's failure to file federal income tax returns in a timely manner is not due to or resultant from willful neglect.

D. The petitioner's failure to file federal income tax returns in a timely manner is due to and resultant from reasonable cause.

In his Motion for Summary Judgment respondent, for the purpose of this motion, concedes the capital gain adjustment in the statutory notice of deficiency in the amount of $137,835 (Adjustment I.A.) and the sections 6651(a)(1) and 6654(a) additions to tax.

---

[2] Exhibit B consists of four copies of Forms W-2, Wage and Tax Statement, issued by MCI Communications Corp. to petitioner for 1993. These Forms W-2 show that petitioner received wages, tips and other income totaling $103,582.86. This amount included deferred compensation plan income of $224.97 and incentive stock options of $33,183.75. Exhibit C is a Form 1099-INT issued by Community Credit Union to petitioner for 1993 showing that he received interest income of $13.38. Exhibit D is a Texas Sports Officials, Inc. Officiating Pay Summary showing that petitioner was paid $54 in 1993. Exhibit E is a Kentucky Form 1099-G showing that petitioner received a State tax refund of $227 in 1993.

The statutory notice of deficiency allowed a standard deduction of $3,100 for 1993 (Adjustment I.D.) because petitioner had not filed a 1993 Form 1040, U.S. Individual Income Tax Return. Subsequently, petitioner substantiated itemized deductions of $10,880 for an increased deduction of $7,780 over the statutory notice standard deduction, and respondent concedes that amount.

The statutory notice of deficiency allowed one exemption and determined that petitioner's tax liability was to be determined using "married filing separate return" tax rates. Petitioner's petition assigned no error to these determinations.

### Discussion

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982). The moving party bears the burden of proving that there is no genuine issue of

material fact, and factual inferences will be made in a manner most favorable to the party opposing summary judgment.  See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

As previously discussed, the issues framed by the pleadings in this case are:  (1) Whether petitioner failed to report capital gain of $137,835; (2) whether petitioner failed to report interest income of $13; (3) whether petitioner should have reported as income a $227 State tax refund; (4) whether petitioner failed to report wages of $103,582; (5) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) of $13,143; and (6) whether petitioner is liable for an addition to tax pursuant to section 6654(a) of $2,115.63.

As we have stated, supra, respondent for the purpose of his motion, concedes the capital gain adjustment of $137,835.

Petitioner admits having received interest income of $13 (petition par. 5.A.).

Petitioner admits having received a (state) tax refund of $227 (petition par. 5.A.).

Petitioner admits having received wages of $103,636.86 (petition par. 5.A.).[3]

---

[3]    Included in petitioner's income figure of $103,636.86 is $54 for sports officiating.  The $54 is not included in respondent's "wages" adjustment of $103,582, and respondent does not assert a claim for the amount.

Respondent concedes that petitioner is not liable for an addition to tax pursuant to section 6651(a)(1).

Respondent concedes that petitioner is not liable for an addition to tax pursuant to section 6654(a).

## Conclusion

For the reasons stated herein, we find and hold that there is no genuine issue as to any material fact remaining for litigation in this case and that a decision may be rendered as a matter of law.

To reflect the foregoing,

An order granting respondent's motion for summary judgment will be issued, and decision will be entered pursuant to Rule 155.