T.C. Memo. 2004-245

UNITED STATES TAX COURT

DELINDA VIANNE ROGERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1803-00.            Filed October 27, 2004.

DeLinda ViAnne Rogers, pro se.

<u>Aimee R. Lobo-Berg</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's motion for summary judgment, filed pursuant to
Rule 121.[1]  The sole issue for decision is whether petitioner, an

---

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the
Internal Revenue Code in effect at relevant times.

inmate at a penal institution, is entitled to an earned income credit for taxable year 1998.

## Background

Petitioner was incarcerated at the Federal Correctional Institution in Dublin, California, throughout the taxable year 1998. While she was an inmate, petitioner was employed by Unicor-Federal Prison Industries. For her services, petitioner earned wages of $1,658.48 in 1998.

Petitioner reported these wages on her 1998 Federal income tax return. She reported no other income for 1998. Petitioner claimed the standard deduction of $6,950 and, consequently, reported no tax liability for 1998. Petitioner claimed an earned income credit of $128 on her 1998 return and sought a refund in that amount.

On December 10, 1999, respondent issued a notice of deficiency to petitioner with respect to petitioner's 1998 tax return. In the notice of deficiency, respondent disallowed petitioner's claimed earned income credit and determined a deficiency in the amount of $128. The notice of deficiency includes a statement that amounts paid to inmates in penal institutions for their work are not earned income for purposes of computing the earned income credit.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount. Sec. 32(a). Earned income includes wages, salaries, tips, and other employee compensation. Sec. 32(c)(2)(A)(i). However, section 32(c)(2)(B) excludes certain

items from the definition of earned income. Specifically, section 32(c)(2)(B)(iv) provides that "no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account" in determining a taxpayer's earned income.

In respondent's motion for summary judgment, respondent contends that section 32(c)(2)(B)(iv) is dispositive in this case as all the wages petitioner earned during 1998 were received for services provided while she was an inmate at a penal institution. In her opposition to summary judgment, petitioner argues that her wages should not be subject to section 32(c)(2)(B)(iv) because she performed most of her services at a location outside of the penal institution and that her employment was voluntary and not mandated by the terms of her sentence.[2]

For the reasons stated below, we agree with respondent. Section 32(c)(2)(B)(iv) expressly excludes from the computation of the earned income credit all wages for services earned by a taxpayer while he or she is an inmate at a penal institution. Wilson v. Commissioner, T.C. Memo. 2001-139; Taylor v. Commissioner, T.C. Memo. 1998-401. The sole inquiry is whether a taxpayer earned income while he or she was an inmate at a penal

_____

[2] In her opposition to summary judgment, petitioner alleges that she was sentenced under the Comprehensive Crime Control Act of 1972, as amended in 1984, and was not mandated to work under the terms of the Mandatory Work Requirement for All Prisoners, as enacted in 1990.

institution; other factors, such as the status of the payor as either a public or private entity, are irrelevant.  See <u>Wilson v. Commissioner</u>, <u>supra</u>.

In construing a statute, courts generally seek the plain and literal meaning of its language.  See <u>United States v. Locke</u>, 471 U.S. 84, 93, 95-96 (1985); <u>United States v. Am. Trucking Associations, Inc.</u>, 310 U.S. 534, 543 (1940); <u>Wilson v. Commissioner</u>, <u>supra</u>.  Under the plain and literal language of section 32(c)(2)(B)(iv), it makes no difference whether petitioner performed services at a location outside the penal institution or whether her performance of services was voluntary or compulsory.  Petitioner was an inmate at a penal institution throughout taxable year 1998, and all her wages received during that year are excluded from the computation of the earned income credit as a matter of law under section 32(c)(2)(B)(iv).

Because there are no genuine issues of any material fact, respondent's motion for summary judgment will be granted. To reflect the foregoing,

<u>An order and decision will be entered granting respondent's Motion for Summary Judgment and entering decision for respondent</u>.