T.C. Memo. 2010-133

UNITED STATES TAX COURT

KATHLEEN MILLER GEIGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21932-08.                Filed June 16, 2010.

Kathleen Miller Geiger, pro se.

<u>Rollin G. Thorley</u> and <u>Paul C. Feinberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION[1]

GERBER, <u>Judge</u>:  This case stems from respondent's denial of

petitioner's request for an abatement of interest under section

_____

[1]Petitioner filed a petition requesting small tax case
proceedings under sec. 7463(a), I.R.C.  Respondent moved for
removal of that designation on the ground that this interest
abatement proceeding fits within none of the categories of cases
that may be conducted under the small tax case provisions.  The
Court granted respondent's motion.

6404(e).[2]  The issue presented for our consideration is whether there was abuse of discretion in the denial of petitioner's abatement request.

### FINDINGS OF FACT[3]

Petitioner resided in Nevada at the time her petition was filed.  She filed her 1997 Federal income tax return on June 25, 1998, showing tax due of $574.  Respondent assessed the tax along with $18.53 of interest on September 7, 1998.  Petitioner, as part of a divorce proceeding, was entitled to money from her husband's retirement account during 1996 and 1997.  Petitioner reported the withdrawal as alimony for 1996, but ultimately respondent refunded the tax attributable to that item.  In a conversation about her 1996 return, one of respondent's agents suggested that petitioner file a Form 8606, Nondeductible IRAs (Contributions, Distributions, and Basis), to reflect petitioner's basis in the retirement account to determine the amount of income reportable, if any, for 1997.  Petitioner filed an amended return for 1997, including a Form 8606 showing her basis in the retirement account.  After following the suggestion

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code applicable to the period under consideration.

[3]The parties' stipulation of facts and the exhibits are incorporated by this reference.

of respondent's agent, petitioner did not hear from respondent until respondent began an examination of her 1997 return.

Petitioner's 1997 tax return as amended was audited, and respondent, in a June 21, 2000, notice of deficiency, determined a $14,743 income tax deficiency and a $1,685 accuracy-related penalty under section 6662(a).  On September 15, 2000, petitioner filed a petition with this Court (at docket No. 9739-00S) seeking review of respondent's determination (deficiency case).

Petitioner was represented in the deficiency case, and an agreed decision reflecting a $6,855 income tax deficiency and an $860 section 6662 accuracy-related penalty was entered on June 29, 2001.  Shortly thereafter, on September 3, 2001, respondent sent petitioner notification of a $900.42[4] outstanding balance due on the $574 tax liability she had originally reported for 1997.  Seven days later, on September 10, 2001, respondent assessed the agreed income tax deficiency and accuracy-related penalty from the deficiency case, along with $2,607.47 of accrued interest and a $143.50 failure to pay penalty.  Since the time of the assessment of the additional 1997 tax, respondent has applied over $6,000 of subsequent years' tax refunds to satisfy portions of petitioner's outstanding 1997 liability.

---

[4]The $900.42 included additional interest accruals and penalties for late payment.

On or about May 22, 2002, petitioner filed a Form 843, Claim for Refund and Request for Abatement, seeking a $2,750 abatement of interest and claiming that the accumulation of interest was caused by respondent's errors and delays. Petitioner's request for an abatement contained the following assertions: (1) That petitioner was entitled to interest "netting"; (2) that respondent erred in not notifying her until June 1999 that there was a deficiency; (3) that respondent erred with respect to the September 3 and 10, 2001, letters reflecting different amounts of tax and/or interest due; and (4) that the tax assessment is incorrect because petitioner was "misguided" (relied on incorrect information from respondent) with respect to her filing of a Form 8606 along with her amended 1997 return.

Petitioner, on July 21, 2003, before respondent issued a final determination, filed a petition with this Court seeking review of respondent's failure to abate interest, but that case was dismissed for lack of jurisdiction. From the 2002 filing of the claim for an abatement until almost 6 years later, petitioner made numerous inquiries about the status of her claim and respondent's agents sent responses seeking additional time to make their determination. During that same period, respondent offset income tax refunds against the 1997 tax liability and interest. During the pendency of her claim for abatement,

petitioner had no legal course of action to require respondent to make a determination.[5]

On March 7, 2008, respondent issued a final determination disallowing, in full, petitioner's request for an interest abatement regarding her 1997 tax year. In the final determination, respondent provided the following reasons for denying petitioner's request for an interest abatement: (1) Interest netting does not apply in a situation where a taxpayer does not have a credit available from another tax period; (2) the 1997 income tax deficiency was the result of an agreement between respondent and petitioner (who was represented), so that petitioner was not misled by respondent; (3) the September 3 and 10, 2001, letters, from respondent were not in disagreement because the first letter was issued before the assessment of the deficiency referenced in the latter one; (4) interest cannot be abated on the basis of the tax law information provided by respondent; and (5) petitioner did not make any payments on the outstanding 1997 tax liability, except for respondent's offsets of overpayments from other years. Petitioner filed a petition with this Court on September 5, 2008, seeking review of respondent's denial of her request for an abatement.

---

[5]The law was changed for taxable years ending after July 22, 1998, by the enactment of new sec. 6404(g).

On brief, respondent admitted that petitioner is entitled to an abatement of 1997 tax year interest "from the date * * * [of petitioner's request] (May 22, 2002) through the date of * * * [respondent's] final determination denying her request (March 7, 2008)." In all other respects, respondent continues to stand by his determination that petitioner is not entitled to an abatement of 1997 tax year interest.

OPINION

Section 6404(e)(1) provides the Commissioner with authority to abate the assessment of interest on a deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act. See also Woodral v. Commissioner, 112 T.C. 19, 24-25 (1999).

Section 301.6404-2(b)(1) and (2), Proced. & Admin. Regs., provides:

> (b) Definitions--(1) Managerial act.--means an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel. A decision concerning the proper application of federal tax law (or other federal or state law) is not a managerial act. Further, a general administrative decision, such as the IRS's decision on how to organize the processing of tax returns or its delay in implementing an improved computer system, is not a managerial act for which interest can be abated under paragraph (a) of this section.

(2) Ministerial act.--means a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.

This Court may order abatement where the Commissioner abuses his discretion by failing to abate interest.  Sec. 6404(h)(1). In order to prevail, a taxpayer must show[6] that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  Woodral v. Commissioner, supra at 23.

Respondent now concedes that petitioner is entitled to an interest abatement for the 1997 tax year from the date of petitioner's abatement request (May 22, 2002) through the date of respondent's final determination denying her request (March 7, 2008).  We must now consider whether it was an abuse of discretion for respondent to deny abatement for any portion of interest not so conceded.  The periods we consider are from the filing of the return to the request for abatement and from the denial of the abatement to the time of trial.

Before the request for abatement, petitioner had filed her 1996 return reporting amounts from her divorced husband's

---

[6]No question has been raised by the parties regarding sec. 7491 and/or whether the burden shifted from petitioner to respondent in this proceeding.

retirement account as alimony. In dealing with respondent's agents for 1996, she was advised to amend her 1997 return and to file a Form 8606 in order to show any basis in the retirement account and thereby reduce the tax. Petitioner followed that advice, thereby reporting a reduced 1997 income tax liability. In June 1999 respondent examined petitioner's 1997 return, as amended, and determined a $14,743 income tax deficiency and a $1,685 accuracy-related penalty. Petitioner filed a timely petition with this Court, and during June 2001 her representative resolved the deficiency dispute by agreeing to a reduced income tax deficiency and accuracy-related penalty of $6,855 and $860, respectively.

Shortly thereafter, the reduced deficiency and penalty were assessed along with $2,607.47 of accrued interest and a $143.50 failure to pay penalty. Several months later (around May 22, 2002) petitioner filed her claim for a $2,750 abatement. In support of the claim, petitioner contended that respondent had given her bad tax advice and sent her contradictory statements of her account and that she was entitled to interest netting. Petitioner also complained about the amount of the agreed 1997 deficiency, explaining that she had not been made fully aware of

what had transpired.[7]  Respondent concedes that petitioner is entitled to an abatement of interest for the period during which her request for an abatement was pending at the administrative level.

The period from the filing of petitioner's 1997 return through the amended return filing, respondent's examination, the issuance of a notice of deficiency, petitioner's petition to this Court, and the settlement of that case is well within the normal range of such activities and does not reflect the existence of an unreasonable delay or error of any kind.[8]

Petitioner also claimed that an incorrect Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., had been issued and that she was given bad advice about the filing of a Form 8606 and the amendment of her 1997 return.  Neither of those circumstances, however, would give rise to an abatement of interest under section 6404.  In particular, advice or a decision involving the proper application of tax law or procedure is

---

[7]We note that in the context of this proceeding concerning our review of respondent's denial of a request for abatement, we are without jurisdiction to redetermine the amount of the deficiency and there has been no showing of a fraud upon the Court or a motion filed to reopen the deficiency case.  See, e.g., Naftel v. Commissioner, 85 T.C. 527, 530 (1985).

[8]It is noted that no abatement is available for the period preceding the time when the Commissioner first contacts a taxpayer in writing.

generally not considered to be a "ministerial or managerial act." Sec. 301.6404-2(b)(1) and (2), Proced. & Admin. Regs.; see also <u>Nelson v. Commissioner</u>, T.C. Memo. 2004-34.

Although petitioner was sent successive overlapping notices, they were not contradictory and each reflected the outstanding tax liability at the time of issuance. Finally, petitioner has not shown the appropriate conditions for interest netting; i.e., that there were existing credits that would have reduced the amount of the finally agreed deficiency. Although respondent offset overpayments from subsequent years against the agreed 1997 deficiency, that situation does not result in "interest netting" for the 1997 tax year.

Finally, events that occurred from the March 7, 2008, denial of petitioner's claim for an abatement through the filing of a petition and the issuance of this opinion do not warrant an abatement of interest.

Accordingly, we hold that there was no abuse of discretion by respondent in denying petitioner's request for interest abatement for periods other than that for which respondent has conceded an abatement.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.