T.C. Summary Opinion 2015-69

UNITED STATES TAX COURT

REINALDO VARGAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 641-15S.                    Filed November 30, 2015.

Reinaldo Vargas, pro se.

<u>Anne M. Craig</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1] Unless otherwise indicated, all subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's Motion For Summary Judgment filed pursuant to Rule 121(a). In his motion respondent moves for a summary adjudication in his favor as to the deficiency in income tax as determined in the notice of deficiency.

Because there are no genuine disputes of material fact, disposition of this case by summary judgment is appropriate. See Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court must therefore decide whether for 2013 petitioner is liable for a deficiency of $4,363 that is attributable solely to the alternative minimum tax prescribed by section 55.[2]

## Background

The parties agree and/or there is no dispute regarding the following.

Petitioner resided in the State of Florida at the time that the petition was filed with the Court.

----

[1](...continued)
Internal Revenue Code in effect for 2013, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All monetary amounts are rounded to the nearest dollar.

During 2013, the taxable year in issue, petitioner was employed by Silver Airways Corporation of Ft. Lauderdale, Florida, as a commercial airline pilot. Many of petitioner's flights were between the United States and the Bahamas and involved an overnight stay.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2013. On his return petitioner listed his filing status as "married filing separately", and he reported both total income and adjusted gross income of $67,045. This amount, which was reflected on his Form W-2, Wage And Tax Statement, represented what he earned as a professional pilot in 2013.

On his 2013 return petitioner claimed exemption deductions for himself and his son totaling $7,800. In addition, petitioner attached to his return a Schedule A, Itemized Deductions, and claimed two deductions: (1) a modest deduction for medical and dental expenses and (2) a deduction for unreimbursed employee expenses of $40,978.[3] In support of the latter deduction petitioner attached to his return a Form 2106, Employee Business Expenses, that listed (inter alia) expenses

---

[3] Before diminution by the 2% floor on miscellaneous itemized deductions pursuant to sec. 67. The deduction that petitioner claimed net of the 2% floor was $39,637.

for meals and entertainment of $39,000.[4]  On the Form 2106 petitioner also represented that he received no reimbursement from his employer that was not reported on his Form W-2.

After subtracting both itemized deductions and exemption deductions from his income, petitioner reported taxable income of $18,975 and income tax (pursuant to section 1) of $2,400.  Petitioner did not report alternative minimum tax, instead writing "0.00" on the line for such tax, nor did he complete or attach to his return Form 6251, Alternative Minimum Tax--Individuals.  Ultimately, after claiming a credit for tax withheld from his wages, petitioner claimed an overpayment and requested a refund.

In the notice of deficiency respondent did not disallow any part of the $40,978 deduction that petitioner claimed on his Schedule A for unreimbursed employee expenses, nor did respondent disallow any other deduction that petitioner claimed on his return.  However, respondent did determine that petitioner was liable for the alternative minimum tax.

In challenging respondent's determination, petitioner alleges that the alternative minimum tax does not apply to commercial pilots--particularly

---

[4] Before to diminution by 20% pursuant to sec. 274(n)(3)(B).

international airline pilots--because it fails to take into account the type of expenses that pilots are obliged to incur in practicing their profession.

## Discussion

The alternative minimum tax (AMT) is imposed in addition to the so-called regular tax. Sec. 55(a), (c)(1). In general, the "regular tax" is the income tax computed on taxable income by reference to the tax table or applicable rate schedule. Secs. 1(d), 3(a), (c), 63; see sec. 26(b). For 2013 petitioner reported regular tax of $2,400 on his return.

Section 55 imposes the AMT. The AMT is the excess (if any) of the "tentative minimum tax" over the regular tax. Sec. 55(a). As relevant herein and for the year in issue, the tentative minimum tax is 26% of the excess (if any) of a taxpayer's "alternative minimum taxable income" over an exemption amount of $40,400. Sec. 55(b)(1)(A)(i)(I), (ii), (2), (d)(1)(C), (4).

As relevant herein, section 55(b)(2) defines alternative minimum taxable income as the taxpayer's taxable income for the taxable year determined with the adjustments provided in section 56 and increased by the amounts of items of tax preference described in section 57.[5] Petitioner had no items of tax preference in

---

[5] As relevant herein, taxable income means gross income less (1) allowable Schedule A itemized deductions and (2) the deduction for personal exemptions.

(continued...)

2013; accordingly, alternative minimum taxable income for purposes of this case is simply petitioner's taxable income determined with the adjustments provided in section 56.

There are two adjustments in section 56 that are relevant in computing petitioner's alternative minimum taxable income. First, section 56(b)(1)(A)(i) provides that no deduction shall be allowed for any miscellaneous itemized deduction as defined in section 67(b), which would include the deduction for unreimbursed employee expenses. Second, section 56(b)(1)(E) provides that no deduction for personal exemptions shall be allowed.[6]

The effect of these two adjustments is to increase petitioner's taxable income by: (1) $39,637, the amount that petitioner claimed on his Schedule A for miscellaneous deductions (net of the 2% floor prescribed by section 67) and (2)

---

[5](...continued)
Sec. 63(a), (d).

[6] Although respondent's computation in the notice of deficiency of alternative minimum taxable income shortcuts the statutory formula, respondent's computation yields the same amount as does the statutory formula. Specifically, respondent computes petitioner's taxable income without taking into account the deduction for personal exemptions; however, in computing alternative minimum taxable income respondent compensates for this omission by not including that deduction within the adjustments prescribed by sec. 56(b).

$7,800, the amount that petitioner claimed on his Form 1040 for two personal exemptions. The sum of these two adjustments is $47,437.

After taking into account the foregoing two adjustments, petitioner's alternative minimum taxable income for 2013 is $66,412; i.e., taxable income of $18,975 plus adjustments of $47,437. It follows that alternative minimum taxable income exceeds the applicable exemption amount of $40,400 by $26,012; i.e., $66,412 minus $40,400. See sec. 55(d)(1)(C), (4). Petitioner's tentative minimum tax is therefore 26% of the taxable excess; i.e., 26% of $26,012, or $6,763. See sec. 55(b)(1)(A)(i)(I). Therefore, because the tentative minimum tax of $6,763 exceeds the regular tax of $2,400, petitioner is liable for AMT in the amount of the excess, or $4,363. See sec. 55(a).

The fact that petitioner did not have any items of tax preference (as defined by section 57) is of no moment because tax preferences are only one part of the AMT computation. See Huntsberry v. Commissioner, 83 T.C. 742, 744-745 (1984) (stating that although tax preferences play a part in computing AMT, a taxpayer may be liable for the AMT even though he or she may not have any tax preferences).

## Conclusion

However unfair this statute might seem to petitioner, the Court is bound to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), aff'g 80 T.C. 783 (1983), as the statute applies to all taxpayers without regard to their profession or their "special circumstances".  As demonstrated above, section 55 imposes an AMT of $4,363 on petitioner for 2013. The Court is therefore obliged to sustain respondent's deficiency determination.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.