T.C. Memo. 2021-105

UNITED STATES TAX COURT

SHERRIE L. WEBB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7819-20L.                    Filed August 31, 2021.

Sherrie L. Webb, pro se.

<u>Miriam C. Dillard</u>, for respondent.

MEMORANDUM OPINION

WEILER, <u>Judge</u>:  Petitioner, Sherrie L. Webb, petitioned this Court pursuant

to section 6330(d)(1)[1] after the Internal Revenue Service (IRS) Office of Appeals

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] (Appeals)[2] determined that her account was not eligible to be placed into currently not collectible (CNC) status, as she requested. After answering the petition, the Commissioner of Internal Revenue (respondent) moved for summary judgment. For the reasons set forth below we will grant respondent's motion for summary judgment.

Background

The facts found in this section are not in dispute.[3] See Rule 121(b). Petitioner resided in Florida when she filed her petition.

---

[2]On July 1, 2019, Congress renamed the IRS Office of Appeals the IRS Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019). The events in this case largely predate that change, so we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[3]The facts in this opinion are principally derived from the administrative record developed before Appeals; however, our review of Appeals' determination is not limited to the administrative record. In Robinette v. Commissioner, 123 T.C. 85, 95 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006), we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure Act * * * and our review is not limited to the administrative record." The Courts of Appeals for the First, Eighth, and Ninth Circuits have concluded otherwise, holding that the so-called record rule applies to CDP cases before this Court. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases; Murphy v. Commissioner, 469 F.3d 27 (1st Cir. 2006), aff'g 125 T.C. 301 (2005); Robinette v. Commissioner, 439 F.3d 455. Under sec. 7482(b)(1)(G), appeal in this case would lie in the Court of Appeals for the Eleventh Circuit, absent a stipulation by the parties to the contrary. Since that Court of Appeals has not addressed the issue, our review of Appeals' determination in this case is not limited by the record rule. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

**[*3]** On March 4, 2019, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (CDP levy notice) advising her that the IRS intended to levy to collect her outstanding tax for the tax year 2017. Petitioner's representative timely requested a collection due process (CDP) hearing in response to the CDP levy notice. In the request petitioner's representative raised three issues: (1) whether petitioner is entitled to penalty abatement; (2) whether petitioner had reasonable cause for failure to timely pay the tax at issue; and (3) whether petitioner was eligible for a collection alternative, such as an offer-in-compromise, an installment agreement, or alternatively to have petitioner's account placed into CNC status.

In response to a substantive contact letter from Appeals Officer Rego (Ms. Rego), petitioner's representative submitted a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and copies of bank statements, pay stubs, and bills. Petitioner's representative did not submit Form 656, Offer in Compromise, or documentation with respect to a reasonable cause basis for penalty abatement. Petitioner's representative sought to have Ms. Rego place petitioner's account into CNC status and did not propose a monthly installment amount on the basis of her financial circumstances.

After reviewing the submitted material, Ms. Rego concluded that petitioner could pay $56 per month, when considering her allowable monthly expenses. In

**[*4]** reaching that amount Ms. Rego made two adjustments to petitioner's claimed income and expenses. First, Ms. Rego disallowed petitioner's monthly contribution of $102 to her section 401(k) retirement account. Second, Ms. Rego reduced the monthly taxes petitioner paid from $830 to $571 to reflect the amounts indicated on petitioner's paystubs.

At a telephone conference on January 14, 2020, between Ms. Rego and petitioner's representative, he confirmed that petitioner was no longer interested in an installment agreement or an offer-in-compromise and only sought CNC status. Ms. Rego then informed petitioner's representative that she needed information about petitioner's bankruptcy filing, information about a lawsuit in which petitioner was a plaintiff, and confirmation of monthly taxes, along with a revised Form 433-A.

On January 28, 2020, Ms. Rego received a facsimile from petitioner's representative withdrawing the power of attorney for his firm at petitioner's request. On January 31, 2020, Ms. Rego sent a letter to petitioner requesting information about her bankruptcy filing, information about a lawsuit in which she was a plaintiff, and confirmation of monthly taxes, along with a revised Form 433-A if necessary. On February 10, 2020, Ms. Rego left a voicemail again requesting the additional documentation.

**[\*5]** Ms. Rego did not receive additional documentation from petitioner, and she submitted the case for closing on February 24, 2020. On March 5, 2020, Ms. Rego issued a notice of determination sustaining the proposed levy. The notice of determination, in a section titled "summary of determination", states:

> All legal and administrative procedure were followed when the Final Notice of Intent to Levy was issued. You were seeking collection alternative of an Installment Agreement, Currently Not Collectible or an Offer in Compromise. However, you failed to provide the requested documentation for a collection alternative to be implemented. You requested penalty abatement requesting reasonable cause; however, you failed to provide any documentation to support reasonable cause; therefore, the request for reasonable cause abatement is denied. First time abatement was considered; however, you do not meet first time criteria per Internal Revenue Manual 20.1.1.3.3.2.1. Therefore, the proposed levy action is appropriate, and the issuance of the Final Notice of Intent to Levy is sustained.

Petitioner timely appealed the notice of determination to this Court on July 10, 2020.

## Discussion

I.    Summary Judgment

   A.    Background

In his motion for summary judgment respondent argues that Appeals, through the actions of Ms. Rego, did not abuse its discretion in denying petitioner's request to have her account placed into CNC status. Similarly, respondent argues that it was not an abuse of discretion for Ms. Rego to exclude from petitioner's allowable monthly expenses her section 401(k) retirement plan contribution.

**[\*6]** On April 19, 2021, the Court held a remote hearing with regard to respondent's motion for summary judgment. At the hearing petitioner, in opposition to the motion for summary judgment, contended that her financial situation has not improved and that she is not in a position to afford a monthly installment agreement with the IRS. Petitioner also requested additional time to submit a written opposition to respondent's motion for summary judgment. The Court granted petitioner 30 days to submit written argument in opposition to the motion for summary judgment.

On May 10, 2021, petitioner filed a response to respondent's motion for summary judgment. In her response petitioner repeated claims that she previously made at the April hearing, including her inability to "make or commit to any type of payment agreement" on the basis of her financial circumstances. Petitioner also noted that her rent will be increasing in the future and that she continues to make monthly contributions to her section 401(k) retirement account.

B.    Applicable Law

A party may move for summary judgment regarding all or any part of the legal issues in controversy. See Rule 121(a); Wachter v. Commissioner, 142 T.C. 140, 145 (2014). We may grant summary judgment if the pleadings, stipulations and exhibits, and any other acceptable materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of

[*7] law.  See Rule 121(a) and (b); see also CGG Americas, Inc. v. Commissioner, 147 T.C. 78, 82 (2016); Elec. Arts, Inc. & Subs. v. Commissioner, 118 T.C. 226, 238 (2002).  We construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate.  See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The moving party has the burden of proving that there is no genuine dispute of material fact.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  However, the nonmoving party may not rest upon the mere allegations or denials in its pleadings but instead must "set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see also Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

C.     Standard and Scope of Review

Where, as here, the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  In reviewing for abuse of discretion, we must uphold the administrative determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases; Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir.

**[\*8]** 2006). According to precedent of this Court, we are not limited in our review of this case only to facts found in the administrative record. See Robinette v. Commissioner, 123 T.C. 85, 103 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006).

## II.   CNC Status

Suspension of collection activity is a collection alternative that a taxpayer may propose and that Appeals must consider. See sec. 6330(c)(2)(A)(iii), (3)(B). To justify an account's being placed into CNC status, the taxpayer must supply all relevant information requested by Appeals, including financial statements for consideration of the facts and issues involved in the hearing. See sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Generally, CNC status may be available when a taxpayer has no ability to make payments. See Internal Revenue Manual (IRM) pt. 5.16.1.1 (Sept. 18, 2018). We have previously ruled an Appeals officer does not abuse his or her discretion in denying CNC status where the taxpayer has not submitted the financial information necessary for the officer to make such a determination. See Chadwick v. Commissioner, 154 T.C. 84, 95 (2020).

## III.   Our Analysis

### A.   Whether Respondent Met the Requirements of Applicable Law and Administrative Procedure

Before issuance of a notice of determination, Appeals must verify that all requirements of applicable law and administrative procedure have been met. Sec. 6330(c)(1), (3)(A). Here, Ms. Rego determined that the IRS followed the

[*9] requirements of applicable law and administrative procedure in issuing the CDP levy notice. The notice of determination noted that petitioner's tax for the 2017 year was duly assessed, and the requisite notices were timely mailed to petitioner at her last known address. Similarly, Ms. Rego confirmed that she had no prior involvement with respect to petitioner's case and that a balance was due at the time of issuance of the CDP levy notice. There is no evidence before the Court that the requirements of applicable law and administrative procedure were not satisfied. We conclude that Ms. Rego did not abuse her discretion in making her determination as to this requirement.

B.    Relevant Issues Petitioner Raised

Appeals is required to consider any relevant issue raised by a taxpayer during a hearing, including challenges to the appropriateness of collection action and collection alternatives offered by the taxpayer. Sec. 6330(c)(2)(A), (3)(B).

The only issue petitioner now raises is whether her account should have been placed into CNC status by Appeals.[4] However, even after specific requests from Ms. Rego petitioner did not provide the supporting documentation Ms. Rego

---

[4]Petitioner's response to respondent's motion for summary judgment also raises certain future events for the first time before this Court. Although this Court is not bound by the administrative record in our review of Appeals' determination, we decline to consider these new contentions because petitioner did not raise them while before Appeals. See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); Robinette v. Commissioner, 123 T.C. at 101.

[*10] needed to be able to grant such a collection alternative. Furthermore, petitioner conceded that she still contributes to a section 401(k) account. Ms. Rego adhered to the IRM in determining that contributions to voluntary retirement plans (including section 401(k) accounts) are not necessary expenses for purposes of CNC status based on financial hardship. See IRM pt. 5.15.1.28(2) (Aug. 29, 2018). Accordingly, we are compelled to determine that Ms. Rego has not abused her discretion as to her consideration of the CNC issue petitioner raised. See Chadwick v. Commissioner, 154 T.C. at 95.[5]

C.      Balancing the Need for Efficient Collection of Taxes With Concerns That Collection Be No More Intrusive Than Necessary

The final item to consider is "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). Although petitioner sought to have her account placed into

---

[5]The Appeals Office making the determination in petitioner's CDP hearing retains jurisdiction over that original determination, including any subsequent hearings that petitioner may request regarding a notice of Federal tax lien, and any collection actions taken or proposed because of Appeals' determination. At these subsequent hearings, if petitioner's financial circumstances do indeed change, Appeals can consider changes to petitioner's circumstances after she exhausts other remedies, thereby providing reconsideration to her request that her account be placed into CNC status. See sec. 6330(d)(3); sec. 301.6330-1(h)(1), Proced. & Admin. Regs. However, petitioner is entitled to only one CDP hearing and Tax Court proceeding with respect to the CDP levy notice. See Ragsdale v. Commissioner, T.C. Memo 2019-33, at *35 (citing Perrin v. Commissioner, T.C. Memo. 2012-22, slip op. at 8).

[*11] CNC status, Ms. Rego was unable to provide a collection alternative--including granting CNC status--since petitioner did not furnish necessary documentation.  On the basis of these circumstances Ms. Rego performed a balancing test, concluding that the proposed levy did balance the needs of collection with the concerns of petitioner.  On the basis of our review we hold that Ms. Rego did not abuse her discretion in so concluding.  See Pough v. Commissioner, 135 T.C. 344, 352 (2010).

Considering the foregoing, summary judgment for respondent is appropriate in this matter.

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we consider them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.